144 P.3d 1178 (2006)
STATE of Washington, Respondent,
v.
Gregory L. THOMAS, Appellant.
No. 55556-1-I.
Court of Appeals of Washington, Division 1.
September 18, 2006.
As Amended and Publication Ordered October 13, 2006.
*1179 Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Appellant.
Seth Aaron Fine, Attorney at Law, Thomas Marshal Curtis, Snohomish County Pros Ofc, Everett, WA, for Respondent.
SCHINDLER, A.C.J.
¶ 1 Gregory Thomas contends the sentencing court's decision to include out-of-state convictions in the calculation of his offender score violated his constitutional and due process rights to a jury trial. In the alternative, Thomas argues the State failed to prove the out-of-state California convictions for burglary and receiving stolen property was comparable to a Washington crime. Under Apprendi v. New Jersey, 530 U.S. 466, 491-92, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a sentencing court does not violate a defendant's right to a jury trial by determining whether out-of-state convictions are comparable, and the court can engage in limited fact finding as long as the relevant facts were proved beyond a reasonable doubt or admitted or stipulated to by the defendant. Here, the State concedes the California crime of burglary is not legally comparable because the Washington crime requires proof of unlawful entry. But the State argues the record for the 1980 and 1982 California burglary convictions establishes Thomas violated Washington's burglary statute. We disagree. Because the record does not establish that unlawful entry was proved beyond a reasonable doubt or admitted or stipulated to by Thomas, we conclude the court's decision to include the two California burglary convictions in Thomas's offender score was error. But because Thomas agreed that his out-of-state California conviction for unlawful possession should be included in his offender score, we conclude he waived the right to challenge the decision to include that conviction in his offender score. We vacate the judgment and sentence and remand for resentencing.

FACTS
¶ 2 In 2001, Gregory Thomas was convicted by a jury of two counts of second-degree robbery while armed with a firearm and one count of unlawful possession of a firearm. Second-degree robbery is a class B felony *1180 with a statutory maximum sentence of ten years. RCW 9A.56.210 (2); RCW 9A.20.021(1)(b). Unlawful possession of a firearm is a class C felony with a statutory maximum sentence of five years. RCW 9.41.040(2)(b); RCW 9A.20.021(1)(c). Based on an offender score of 14, the court imposed concurrent 84-month sentences for the robbery convictions, plus two mandatory 36-month firearm sentence enhancements to be served consecutively to each robbery sentence as required by for RCW 9.94A.310.[1] Thomas's total sentence was 156 months.[2]
¶ 3 In 2004, Thomas filed a personal restraint petition challenging the court's calculation of his offender score. Thomas argued several of his prior class C felony convictions "washed out" and was improperly included in his offender score. This court granted his personal restraint petition and remanded for resentencing.
¶ 4 On remand, the State argued Thomas had an offender score of eight based on five prior convictions: a 1980 California conviction for burglary, a 1982 California conviction for burglary, a 1992 California conviction for receiving stolen property, a 1995 Washington conviction for bail jumping, and a 1997 Washington conviction for possession of stolen property.
¶ 5 The defense argued that the 1980 and the 1982 California burglary convictions were not comparable to the Washington crime of burglary and should not be included in Thomas's offender score. Unlike Washington's burglary statute, the California crime of burglary encompasses a broader range of property and does not require proof that the defendant entered or remained unlawfully. California's law only requires the defendant enter with intent to commit larceny or any felony.[3] Excluding the two burglary convictions, Thomas's attorney asserted that his offender score was six.
¶ 6 Even if the crimes were not legally comparable, the State argued that Thomas's California burglary convictions were factually comparable to the Washington crime of burglary and should be included in his offender score. To prove Thomas's conduct was factually comparable, the State submitted certified copies of the California court records. For Thomas's 1980 California burglary conviction, the State submitted charging documents and the judgment on plea of guilty.[4] For the 1982 California burglary conviction, the State submitted the charging documents, minutes from the jury trial, an "abstract of the judgment," and the sentencing transcript.[5]
¶ 7 The State argued, and the sentencing court agreed, that because the charging documents for both the 1980 and the 1982 burglary convictions alleged that Thomas "did willfully, unlawfully, and feloniously enter . . ." the California convictions were comparable and should be included in Thomas's offender score.[6] Based on an offender score of eight, the court imposed concurrent 65-month sentences for the robbery convictions plus two mandatory 36-month firearm sentence enhancements to be served consecutively to each robbery sentence, for a total of 137 months. Thomas appeals.

ANALYSIS
Jury Determination of Prior Convictions
¶ 8 Relying on the U.S. Supreme Court's decisions in Apprendi and Blakely, and the Washington State Supreme Court's decision in In re Pers. Restraint of Lavery, 154 Wash.2d 249, 111 P.3d 837 (2005), Thomas contends a jury must decide whether an *1181 out-of-state conviction is factually comparable to a Washington crime. Thomas claims the trial court's decision that the California burglary convictions were comparable to Washington crimes and should be included in the offender score violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process of law.
¶ 9 A defendant's offender score establishes the range a sentencing court may use in determining the sentence. RCW 9.94A.530. The sentencing court must include all current and prior convictions in calculating the offender score. RCW 9.94A.589.
¶ 10 Our Supreme Court has adopted a two-part test to determine whether an out-of-state conviction is comparable to a Washington offense and counts as part of the offender score. State v. Morley, 134 Wash.2d 588, 605-606, 952 P.2d 167 (1998); Lavery, 154 Wash.2d at 255, 111 P.3d 837.
¶ 11 First, the court compares the elements of the out-of-state crime with the comparable Washington crime. If the elements are comparable, the sentencing court counts the defendant's out-of-state conviction as an equivalent Washington conviction. Lavery, 154 Wash.2d at 254, 111 P.3d 837. Where, as here, the elements of the out-of-state crime are different or broader, the sentencing court examines the defendant's conduct as evidenced by the undisputed facts in the record to determine whether the conduct violates the comparable Washington statute. Morley, 134 Wash.2d at 606, 952 P.2d 167; Lavery, 154 Wash.2d at 255, 111 P.3d 837.
¶ 12 Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. In Blakely, the Court clarified Apprendi and held that the statutory maximum means the maximum sentence a judge can impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
¶ 13 In applying Apprendi and Blakely, the Washington Supreme Court in Lavery held that the existence of a prior conviction need not be proved to a jury beyond a reasonable doubt. Lavery, 154 Wash.2d at 256, 111 P.3d 837. A sentencing court must only find that the prior conviction exists by a preponderance of the evidence. State v. Wheeler, 145 Wash.2d 116, 121, 34 P.3d 799 (2001).[7]
¶ 14 In Lavery, the defendant was convicted of second-degree robbery and sentenced to life in prison under Washington's Persistent Offender Accountability Act (POAA). The sentencing court decided Lavery's prior federal bank robbery conviction counted as a "strike" under the POAA even though unlike the Washington statute, the federal offense did not require proof of specific intent to steal. On appeal, Lavery challenged the decision to count the federal bank robbery conviction as a strike and argued that the POAA was unconstitutional because it permitted a sentencing judge, rather than a jury, to determine the facts of a prior conviction.
¶ 15 The Court held the sentencing court's decision to include the federal bank robbery conviction in the offender score was error because the federal offense was not comparable to a Washington crime. The Court also held that a sentencing court can engage in limited fact finding to determine comparability, but cautioned that "[a]ny attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond a reasonable doubt in the foreign conviction, proves problematic." Lavery, 154 Wash.2d at 258, 111 P.3d 837.
¶ 16 The Lavery Court's decision that a sentencing court can engage in limited fact finding is consistent with the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In Shepard, the Court addressed what evidence a court can consider in determining whether a prior state burglary conviction qualifies as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924. The ACCA requires imposition *1182 of a sentence enhancement if the defendant is convicted under 18 U.S.C.A. § 922(g) of unlawful possession of a firearm and has three prior violent felony convictions. In a previous case, Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607. 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Court decided that burglary was a violent felony under the ACCA only with respect to "generic burglary." A generic burglary is committed in a building or other enclosed space, but not in a boat or vehicle. Taylor, 495 U.S. at 599, 110 S.Ct. 2143. The Court held that the sentencing court could examine the statutory elements, the charging documents, and jury instructions to determine whether the prior offense was a generic burglary. Taylor, 495 U.S. at 602, 110 S.Ct. 2143.
¶ 17 In Shepard the defendant had four prior Massachusetts convictions for burglary. Under Massachusetts law, burglary included thefts committed in buildings as well as in a vehicle or boat. The government argued that a sentencing court could consider police reports and complaint applications to determine whether Shepard's guilty plea convictions were for generic burglaries. The Supreme Court rejected the government's argument and held a later court in examining a prior conviction may consider only the statutory definition, charging documents, written plea agreements, transcripts of the plea colloquy, and explicit factual findings stipulated to by the defendant. Shepard, 544 U.S. at 16, 125 S.Ct. 1254.
¶ 18 In State v. Farnsworth, 133 Wash. App. 1, 130 P.3d 389 (2006), this court also recently rejected the argument that a defendant's constitutional rights are violated when a judge, rather than a jury, determines that an out-of-state prior conviction is factually comparable and should be included in a defendant's offender score. Citing Lavery, the court concluded that if the relevant facts in the record were proved beyond a reasonable doubt, admitted or stipulated to, or found by the trier of fact, the court does not violate the defendant's constitutional right to a jury trial in determining whether an out-of-state conviction is factually comparable. Farnsworth, at 22-23, 130 P.3d 389.
¶ 19 In sum, a sentencing court does not violate a defendant's constitutional rights under Apprendi and Blakely when it engages in a comparability analysis. But, because the judicial determination of the facts related to a prior out-of-state conviction implicates the concerns underlying Apprendi and Blakely, judicial fact finding must be limited. Id. at 25-26. Where the underlying facts were proved to a trier of fact beyond a reasonable doubt, or admitted or stipulated to, Shepard and Lavery allow the sentencing court to decide whether an out-of-state conviction was based on facts that would violate a comparable Washington offense.[8]
Comparability Analysis
¶ 20 Even if the sentencing court's factual comparability analysis does not violate a defendant's constitutional rights to a jury trial and due process, Thomas contends the State did not carry its burden of proving his conduct violated the Washington burglary statute. Specifically, Thomas claims the record does not establish "unlawful entry" as required under the Washington statute. Under RCW 9A.52.030, "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling."
¶ 21 Thomas's 1980 and 1982 California burglary convictions were based on violation of Cal.Penal Code § 459, which states, in relevant part:
Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home, . . . railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, . . . any house car, *1183 . . . inhabited camper, . . . vehicle . . . when the doors are locked, aircraft, . . . or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.
¶ 22 While the State concedes that unlawful entry is not an element of the California burglary statute and the Washington and California crimes are not legally comparable, the State claims the record establishes Thomas's California convictions are equivalent to convictions under Washington's burglary statute. For the 1980 California burglary conviction, the State argues that the charging documents and the judgment show that Thomas admitted the allegation that he entered a Sears store "unlawfully." For the 1982 burglary conviction, the State argues that the jury found beyond a reasonable doubt that he entered a convenience store "unlawfully." We disagree with the State's argument.
¶ 23 Below, the State focused on the language "unlawfully" in the charging documents to argue Thomas's California burglary convictions were comparable. The 1980 burglary charge states:
The People of the State of California upon oath of O. KNUDSON complain against the defendants above named for the crime of violation of section 459 of the Penal Code of the State of California committed as follows: That on the 20th day of January, 1980, at and in the County of Sacramento, State of California, the defendants UECCLE VONNER, JR., LASHAUN MITCHELL[9] AND MICHAEL ANTHONY STANLEY then and there before the filing of this complaint, did willfully, unlawfully and feloniously enter SEARS, located at Sunrise Mall, with intent to commit larceny.[10]
The 1982 burglary charge contains similar language:
TIMOTHY D. THOMAS aka GREGORY L. THOMAS is accused by this information of the crime of violation of section 459 of the Penal Code of the State of California committed as follows: That on the 19th day of June, 1982, at and in the County of Sacramento, State of California, the defendant TIMOTHY D. THOMAS aka GREGORY L. THOMAS then and there before the filing of this information, did willfully, unlawfully, and feloniously enter a business, to wit, CONVENIENCE FOOD MART, located at 3291 Mather Field Road; with intent to commit larceny.[11]
¶ 24 On appeal, the State relies on two additional documents in the record: the judgment for the 1980 conviction and the clerk's notation of the jury verdict for the 1982 conviction.
¶ 25 The 1980 conviction was the result of a guilty plea. The judgment states, in pertinent part:
Where as the said Gregory Leon Thomas having on 4-3-80 duly pled guilty in this Court of the crime of violation of Section 459 of the penal code, as alleged in the Complaint.[12]
¶ 26 The 1982 conviction was the result of a jury trial. The clerk's notation of the jury verdict states, in part:
We, the Jury in the above cause, find the defendant, GREGORY L. THOMAS, guilty of the crime of violation of Section 459 of the Penal Code of the State of California (burglary) as charged in Count Three of the Information No. 63894.[13]
¶ 27 The key inquiry is whether under the Washington statute, the defendant could have been convicted if the same acts were committed in Washington. While the sentencing court can examine the indictment or information as evidence of the underlying conduct, the elements of the crime remain the focus of the analysis. The Court in *1184 Lavery cautioned against reliance on allegations that are unrelated to the elements of the crime.
"`[w]hile it may be necessary to look into the record of the foreign conviction to determine its comparability to a Washington offense, the elements of the charged crime must remain the cornerstone of the comparison. Facts or allegations contained in the record, if not directly related to the elements of the charged crime, may not have been sufficiently proven at trial.'"
Lavery, 154 Wash.2d at 255, 111 P.3d 837, (quoting Morley, 134 Wash.2d at 606, 952 P.2d 167).
¶ 28 The Court in Lavery also observed that where, as here, the elements of the foreign crime are broader, there may be no incentive for a defendant to prove that he is guilty of more narrow conduct. Lavery, 154 Wash.2d at 258, 111 P.3d 837.[14]
¶ 29 Here, there is no dispute unlawful entry as required under Washington law was not an element of the California crime of burglary. It is also undisputed that the allegation in the charging documents that Thomas's entry was "unlawful" does not relate to an element of the California burglary statute. Where facts alleged in the charging documents are not directly related to the elements, a court may not assume those facts have been proved or admitted. State v. Bunting, 115 Wash.App. 135, 61 P.3d 375 (2003). Further, in California, any entry made with intent to commit larceny or any felony is unlawful. Cal.Penal Code § 459. In Washington, the entry itself must be independently unlawful. RCW 9A.52.010(3); see also State v. Cantu, 156 Wash.2d 819, 132 P.3d 725 (2006).
¶ 30 In Bunting, this court considered what facts a defendant necessarily pleads guilty to when entering a plea of guilty as charged. Bunting pleaded guilty to federal bank robbery as charged. To establish that Bunting's prior conviction for federal bank robbery was comparable to a Washington offense, the State submitted an "Official Statement of Facts," a complaint, and the grand jury indictment. This court held that the statement of facts in the charging document could not be considered because the "allegations were never proved at trial." Bunting, 115 Wash.App. at 142, 61 P.3d 375. The court concluded that:
contrary to the State's assertion, [Bunting] did not necessarily concede the allegations in those documents when he pleaded guilty. The State provides no evidence that Bunting adopted the facts set forth in the complaint or those the assistant state's attorney alleged in a postsentencing statement to the Department of Corrections. Because Bunting pleaded guilty to armed robbery, the only acts he conceded were the elements of the crime stated in the indictment.
Bunting, 115 Wash.App. at 142-143, 61 P.3d 375.
¶ 31 As in Bunting, while unlawful entry was alleged in the 1980 and 1982 charging documents, the record does not establish that Thomas adopted that allegation in pleading guilty as charged. Nor is this a case where the record of the 1980 plea colloquy establishes that Thomas agreed to underlying facts. See Morley, 134 Wash.2d at 611, 952 P.2d 167. In the absence of jury instructions or other court records showing unlawful entry was proved beyond a reasonable doubt, we also cannot conclude Thomas's 1982 burglary conviction is factually comparable. In addition, as the Court pointed out in Lavery, there was also a lack of incentive for Thomas to admit or mount a defense to an allegation *1185 that does not affect the determination of guilt. See Lavery, 154 Wash.2d at 258, 111 P.3d 837.
¶ 32 On this record, we cannot conclude that Thomas, in his 1980 guilty plea, either stipulated to or admitted that his entry was unlawful, or that the jury, in the 1982 burglary conviction, found this fact beyond a reasonable doubt. Because the State did not carry its burden of proving the 1980 or 1982 California burglary convictions were factually comparable to Washington's burglary statute, the trial court's decision to include the 1980 and 1982 California burglary conviction in Thomas's offender score was error.[15]
Receiving Stolen Property Conviction
¶ 33 Below, Thomas conceded his California conviction for receiving stolen property should be included in his offender score. For the first time on appeal, Thomas contends his California conviction for receiving stolen property is not comparable and the court erroneously included it in his offender score.
¶ 34 In State v. Ross, 152 Wash.2d 220, 95 P.3d 1225 (2004), the Washington Supreme Court held that although the State generally bears the burden of proving the existence and comparability of a defendant's prior out-of-state conviction, a defendant's affirmative acknowledgment that a prior out-of-state conviction is properly included in the offender score satisfies the requirements of the Sentencing Reform Act and requires no further proof. Ross, 152 Wash.2d at 230, 95 P.3d 1225.
¶ 35 Thomas asserts that Ross was erroneously decided because it relieves the State of its burden of proof without requiring a sufficient waiver of the defendant's constitutional rights. Ross is controlling precedent and clearly provides that under these circumstances, Thomas waived his right to challenge the comparability of his California conviction for receiving stolen property.

CONCLUSION
¶ 36 Apprendi, Blakely, Shepard, and Lavery do not preclude a sentencing court from engaging in limited fact finding to determine whether an out-of-state prior conviction is factually comparable. But, on this record, the State did not establish that unlawful entry, required by the Washington burglary statute, was proved beyond a reasonable doubt, admitted or stipulated to by Thomas. We vacate Thomas's sentence and remand for resentencing.
WE CONCUR: ELLINGTON and COX, JJ.
NOTES
[1] RCW 9.94A.310 was recodified at RCW 9.94A.510(3). See Laws of 2001, ch.10 § 6. The court imposed a 60-month concurrent sentence for the unlawful possession of a firearm conviction.
[2] Thomas filed a direct appeal and his conviction and sentence was affirmed by the Washington Supreme Court in State v. Thomas, 150 Wash.2d 666, 80 P.3d 168 (2003) (holding that the trial court was not precluded from imposing a sentence that, because of the consecutive firearm sentence enhancements, exceeded the statutory maximum sentence for second-degree robbery).
[3] Compare RCW 9A.52.030 and Cal.Penal Code § 459.
[4] State's Exhibit 3.
[5] State Exhibit 4.
[6] Appellant's Brief (AB), Appendix A.
[7] No additional safeguards are required because a certified copy of a prior judgment and sentence is highly reliable evidence. State v. Smith, 150 Wash.2d 135, 143, 75 P.3d 934 (2003).
[8] As supplemental authority, the State cites three California appellate court cases concerning the application of California statutory sentence enhancements imposed on the basis of out-of-state prior convictions. These cases were all decided prior to the U.S. Supreme Court's decisions in Apprendi, Blakely, and Shepard and do not address factual comparability analysis in light of this recent caselaw.
[9] According to the record, Lashaun Mitchell is one of the prior names used by Thomas.
[10] State's Trial Exhibit, No. 3, p. 5. (Emphasis added.)
[11] State's Trial Exhibit No. 4, p. 35. (Emphasis added.)
[12] State's Trial Exhibit, No. 3, p. 4. (Emphasis omitted.)
[13] State's Trial Exhibit No. 4, p. 24.
[14] As an example, Lavery described the circumstances in State v. Ortega, 120 Wash.App. 165, 84 P.3d 935 (2004). The issue in Ortega was whether a prior Texas conviction for second degree indecency with a child was comparable to a qualifying Washington "strike" offense that required the child victim be under 12 years old. Because the Texas law required the victim to be under 17, the jury verdict and judgment in the Texas case established only that the child's age was below 17. At Ortega's sentencing hearing in Washington, the State presented evidence that the child victim in the Texas case was 10 years old at the time of the offense. The sentencing court refused to consider this evidence, citing Apprendi and refusing to count the Texas conviction as a "strike." Ortega, 120 Wash.App. at 169, 84 P.3d 935. The State appealed. This court affirmed, reasoning that the Texas conviction could not be used to increase the penalty for the Washington crime because the underlying fact of the child's age was not found by the Texas trier of fact beyond a reasonable doubt. Ortega, 120 Wash.App. at 172-73, 84 P.3d 935.
[15] Because we conclude the California burglaries were improperly included in Thomas's offender score, we do not reach Thomas's argument that the State failed to prove that the convictions were equivalent to class B felonies.