204 P.3d 953 (2009)
In re PERSONAL RESTRAINT Petition OF Michael J. ROWLAND, Petitioner.
No. 59685-3-I.
Court of Appeals of Washington, Division 1.
April 6, 2009.
*955 Gregory Link, Washington Appellate Project, Seattle, WA, for Petitioner.
Thomas Curtis, Snohomish County Prosecutor's Office, Everett, WA, for Respondent.
BECKER, J.
¶ 1 Years after the trial court imposed an exceptional sentence of 541 months upon petitioner Michael Rowland, he seeks relief on the basis that an incorrect analysis of the comparability of a prior California burglary conviction produced an error in his offender score. The alleged error is not evident on the face of the judgment and sentence. Thus, the statutory one-year time limit bars his petition unless one of the statutory exceptions applies. Here, Rowland's petition comes within one of the statutory exceptions. There has been a significant change in the law governing the legal comparability of the California burglary statute to Washington's statute and it is material to Rowland's sentence. We conclude he is entitled to relief on that basis. The scope of reliefwhether outright elimination of the exceptional sentence or merely resentencing based on a corrected offender scoreremains to be decided in the trial court.

FACTS
¶ 2 Petitioner Rowland was convicted in 1991 of first degree murder and taking a motor vehicle without permission. Based on an offender score of three, the standard range was 271-361 months. The trial court imposed an exceptional sentence of 541 months after making a finding of deliberate cruelty. Rowland appealed. He assigned error to the trial court's decisions granting the State a continuance, denying his motion to dismiss, and admitting photographs of the victim. He argued that his offender score was miscalculated because it included a conviction for a California burglary in 1985 that *956 should not have been treated as comparable to a Washington burglary. And he challenged the exceptional sentence on the basis that the finding of deliberate cruelty was neither supported by the record nor legally adequate to justify an exceptional sentence. This court affirmed the judgment and sentence in all respects. State v. Rowland, 76 Wash.App. 1072, No. 28109-7-I, 1995 WL 925646 (1995) (unpublished opinion), rev. denied, State v. Rowland, 126 Wash.2d 1025, 896 P.2d 63 (1995). The case was mandated on June 26, 1995.
¶ 3 Rowland filed the present proceeding in the superior court in January 2007 as a motion to modify his judgment and sentence on the basis that his offender score had been miscalculated. The State moved to transfer the motion to this court under CrR 7.8(c)(2), but argued in the alternative that it could be denied as time-barred. Rowland responded that the motion was not time-barred because the judgment and sentence was invalid on its face, citing In Re Goodwin, 146 Wash.2d 861, 866, 50 P.3d 618 (2002). The trial court granted the motion to transfer, and the matter is before us for consideration as a personal restraint petition.
¶ 4 A petition or motion for collateral attack must normally be filed within one year of final judgment:
No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
RCW 10.73.090(1). Rowland is collaterally attacking his sentence many years after the judgment became final, and his petition is therefore barred unless it falls under a statutory exception listed in RCW 10.73.100 or the judgment and sentence is invalid on its face.
¶ 5 One of the statutory exceptions to the one-year time bar applies where there has been a significant and material change in the law:
(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.
RCW 10.73.100(6).
¶ 6 On direct appeal, Rowland unsuccessfully argued that his offender score was miscalculated because the California "burglary" was for shoplifting a pack of cigarettes and thus was not comparable to a Washington felony. Rowland, No. 28109-7-I, slip op. at 16. This court concluded that the California burglary statute had an unwritten, judicially-implied element of "unlawful entry" and therefore the elements of the Washington and California burglary offenses were legally comparable. Rowland, No. 28109-7-I, slip op. at 17. In 2006, this court decided State v. Thomas, another appeal challenging the comparability of the California burglary statute. State v. Thomas, 135 Wash.App. 474, 144 P.3d 1178 (2006). We held in Thomas that the California statute had elements broader than Washington's. "Unlike Washington's burglary statute, the California crime of burglary encompasses a broader range of property and does not require proof that the defendant entered or remained unlawfully. California's law only requires the defendant enter with intent to commit larceny or any felony." Thomas, 135 Wash.App. at 478, 144 P.3d 1178. After scrutinizing the California charging document, we also concluded Thomas's California burglary was not factually comparable to a Washington burglary. His sentence was vacated and remanded for resentencing.
¶ 7 Where an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a significant change in the law for purposes of exemption from procedural bars. In re Pers. Restraint of Greening, 141 Wash.2d 687, 697, 9 P.3d 206 (2000). Rowland's *957 first brief in this court relied on RCW 10.73.100(6) and argued that Thomas effectively overturned this court's decision on the offender score issue in his direct appeal.[1] At this court's direction, the State responded. The State agreed that Rowland was entitled to be resentenced, but did not adopt his argument that RCW 10.73.100(6) applied as an exception to the one-year time bar. The State instead asserted that consideration of the petition was not time-barred because, under RCW 10.73.090(1), Rowland's sentence was invalid on its face. The State agreed with Rowland that his offender score should have been two, not three. The State then summarily reasoned, citing Goodwin, that a sentence based on an incorrect offender score results in a judgment that is not valid on its face.[2] Rowland filed another brief re-asserting RCW 10.73.100(6) as the basis for escaping the time bar, but also agreeing with the State that his judgment and sentence was invalid on its face.[3]

FACIAL INVALIDITY
¶ 8 Under RCW 10.73.090, a challenge to a judgment and sentence that is not valid on its face may be brought at any time. For a petitioner who can rely on section .090, there is no need to establish any of the six exceptions in section .100.
¶ 9 This case calls for us to re-emphasize that the inquiry into the facial validity of a judgment and sentence is directed to the judgment and sentence itself. In re Personal Restraint of Hemenway, 147 Wash.2d 529, 532, 55 P.3d 615 (2002). That is, the judgment and sentence must evidence the invalidity "without further elaboration." Goodwin, 146 Wash.2d at 866, 50 P.3d 618. Where the judgment and sentence results from a plea, the phrase "on its face" includes those documents signed as part of the plea agreement, and such documents may be considered if relevant in assessing the facial validity of the judgment and sentence. In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000); Hemenway, 147 Wash.2d at 532, 55 P.3d 615.
¶ 10 In Goodwin, the personal restraint petitioner sought relief from a sentence in which juvenile offenses that had "washed out" were erroneously used to determine his offender score. The judgment and sentence listed Goodwin's criminal history as containing several juvenile offenses. The law provided that after a defendant turned 23, prior juvenile class B and C felony convictions would no longer count for purposes of calculating an offender score. The judgment and sentence stated Goodwin's birth date and thus established that he was over 23 when sentenced. With this information, it was apparent without further elaboration that Goodwin's sentence was based on an incorrect offender score. The time bar was inapplicable because the judgment and sentence was facially invalid. See also In re Pers. Restraint of Thompson, 141 Wash.2d 712, 718-19, 10 P.3d 380 (2000) (judgment and sentence invalid on its face where charging statute, defining first degree rape of child, was not yet in effect at the time petitioner committed the offense charged).
¶ 11 Unlike in Goodwin, here there is nothing on the face of Rowland's judgment and sentence to make it apparent that his offender score should have been two rather than three. Rowland was convicted after a trial, so this is not a case where documents signed as part of a plea agreement may be considered. Within the judgment and sentence itself, there are no findings reflecting the comparability analysis used by the court when it included the California burglary in his offender score. Indeed, there is no indication that his offender score included any out-of-state crimes. All that appears is that he was convicted by jury verdict in January 1991 of murder and taking a motor vehicle without permission; that he was assigned an offender score of three based on three prior felony convictions committed as an adult on *958 three different dates in 1983 and 1985, one for burglary, one for possession of heroin, and one for sale of heroin; that the trial court found he exhibited deliberate cruelty and concluded the cruelty was a substantial and compelling reason for imposing an exceptional sentence; and that the court imposed 541 months on count I and six months on count II, to run concurrently. Nothing in the judgment and sentence provides any basis for deciding that the prior burglary conviction should not have been included in his offender score.
¶ 12 In support of his petition Rowland has submitted a copy of a California complaint charging him on July 9, 1985 with misdemeanor burglary for entering a drugstore with the intent to take items without paying for them and that he pled guilty to this charge. He also has submitted a copy of his plea of guilty to the charge, entered on July 22, 1985. These plea documents are not relevant in assessing the facial validity of the judgment and sentence entered against him in Snohomish County in 1991.
¶ 13 Rowland has submitted a transcript of the sentencing hearing that occurred in the Superior Court of Snohomish County on March 12, 1991, containing a lengthy discussion about whether the California burglary conviction should be included in the offender score. He has also submitted a copy of the unpublished decision issued by this court in 1995 holding that the California burglary was legally comparable to a Washington felony and affirming Rowland's 1991 judgment and sentence. These documents too are extraneous to the judgment and sentence, and we do not consider them in our inquiry into facial validity.
¶ 14 Nothing in the 1991 Washington judgment and sentence is legally or factually inconsistent with the offender score of three listed in that 1991 judgment and sentence. The error in the offender score becomes apparent only by examining the California documents and by going behind the 1991 judgment and sentence to other portions of the record. Accordingly, we conclude that the 1991 judgment and sentence is valid on its face.

CHANGE IN THE LAW
¶ 15 Although the judgment and sentence is valid on its face, Rowland escapes the time bar of RCW 10.73.090 because his petition establishes one of the exceptions: there has been a significant change in the law materially affecting his sentence. RCW 10.73.100(6). Ordinarily an appellate court will not review issues previously raised and rejected on direct appeal, but will do so if a petitioner shows that reexamining the issue will serve the ends of justice. In re Gentry, 137 Wash.2d 378, 388, 972 P.2d 1250 (1999). That is the case here. The time bar does not apply against a petitioner when there has been a change in a comparability rule affecting the petitioner's offender score. In re Pers. Restraint of Lavery, 154 Wash.2d 249, 260-61, 111 P.3d 837 (2005).
¶ 16 In Lavery, the trial court categorized the petitioner as a persistent offender based on finding that his prior conviction on a federal bank robbery charge was comparable to a conviction in Washington for second degree robbery. Later, in an unrelated case, this court ruled that the two robbery statutes were not legally comparable. State v. Freeburg, 120 Wash.App. 192, 194, 84 P.3d 292, cited in Lavery, 154 Wash.2d at 253, 260, 111 P.3d 837. The Supreme Court granted relief, holding that Freeburg represents a significant change in the law for purposes of RCW 10.73.100(6). Lavery, 154 Wash.2d at 260, 111 P.3d 837. Similarly, Thomas significantly changed this court's prior decision on a comparability issue. Because the change is material to Rowland's conviction, his petition falls under the statutory exception to the one-year time bar and will be considered on the merits.
¶ 17 In considering a petition alleging a significant and material change in the law, we are not limited to the face of the judgment and sentence. The documents Rowland has presented show that he had a 1985 California conviction for burglary that was treated as legally comparable to a Washington burglary. Under Thomas, it was not legally comparable. The California charging document and Rowland's plea thereto show, and the State concedes, that his California *959 offense also was not factually comparable to a Washington felony. As Rowland argues, in Washington it would have been considered misdemeanor shoplifting or theft. The offender score listed on Rowland's 1991 judgment and sentence is incorrect. The correct offender score should have been two rather than three.
¶ 18 When nonconstitutional grounds are asserted for relief from personal restraint, the petitioner must establish that he is unlawfully restrained, and that the unlawful restraint is due to a fundamental defect that inherently results in a miscarriage of justice. Goodwin, 146 Wash.2d at 867, 50 P.3d 618; In re Pers. Restraint of Cook, 114 Wash.2d 802, 811, 812, 792 P.2d 506 (1990). Rowland's restraint is unlawful to the extent he was sentenced on the basis of an incorrect calculation of his offender score. In re Pers. Restraint of Johnson, 131 Wash.2d 558, 568, 933 P.2d 1019 (1997). In Johnson, as in this case, a point was erroneously added to the offender score, thus increasing the standard range. The error was held to be a fundamental defect resulting in a miscarriage of justice because the trial judge specifically indicated that he intended to sentence the defendant at the low end of the standard range. The low end of the standard range as correctly determined was 11 months less than the original sentence. In re Pers. Restraint of Johnson, 131 Wash.2d at 569, 933 P.2d 1019.
¶ 19 Miscalculating an offender score has obvious significance in the ordinary case where such an error will elevate the standard range within which the term of confinement will be set. But even where an exceptional sentence is imposed, as it was here, the erroneous addition of a point to the offender score is still a prejudicial error. Before departing from the standard range to impose an exceptional sentence, the sentencing court must have the standard range clearly in mind. State v. Parker, 132 Wash.2d 182, 188, 937 P.2d 575 (1997). The fact that the sentencing court did not have the correct standard range clearly in mind when imposing an exceptional sentence upon Rowland is what makes the change in the law wrought by Thomas not only significant but also material to Rowland's sentence as required by RCW 10.73.100(6).
¶ 20 When a sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway. Parker, 132 Wash.2d at 189, 937 P.2d 575. The State has not argued, and the record supplies no clear basis for concluding, that if Rowland's offender score had been correctly calculated and the standard range correctly determined, the trial court would have necessarily imposed the same exceptional sentence of 541 months. Accordingly, we conclude Rowland has shown that he is unlawfully restrained due to a fundamental defect resulting in a miscarriage of justice. We remand for resentencing.

REMAND
¶ 21 The exceptional sentence that Rowland is presently serving was imposed in 1991. At the time, the law permitted the trial judge to make the finding that would permit the imposition of an exceptional sentence above the statutory standard range. RCW 9.94A.120(2) (1991); State v. Nordby, 106 Wash.2d 514, 516, 723 P.2d 1117 (1986). Under present law, a defendant is entitled to insist that no sentence above the standard range be imposed unless the reasons supporting it have been found by a jury beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296, 302, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (citing Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). But Rowland's conviction in 1991 long predated Blakely and Apprendi, and they are not retroactive. State v. Evans, 154 Wash.2d 438, 448, 114 P.3d 627 (2005). Accordingly, if Rowland were now attempting to have his exceptional sentence overturned on the basis that the finding of deliberate cruelty was made by a judge rather than a jury, he would not succeed.
¶ 22 Rowland began this proceeding by requesting that the case be remanded so that he could be resentenced based on the correct offender score. The State agreed *960 remand was appropriate, but asserted that on remand the trial court "should be permitted to impanel a jury to consider whether the murder was committed with deliberate cruelty, as permitted by RCW 9.94A.537(2)."[4] The State's brief implicitly assumed Blakely would apply to prevent the trial court from imposing anything other than a standard range sentence on remand unless a jury made the necessary finding. In other words, the State assumed that the trial court could not simply reconsider the length of the exceptional sentence; the 1991 judicial finding of deliberate cruelty supporting the exceptional sentence would also necessarily have to be reconsidered. Rowland's supplemental brief likewise assumes there is no finality to the finding of deliberate cruelty. Rowland now takes the position that when his sentence is opened up for recalculation of the offender score, it must also be opened up for determination of whether there is a basis for an exceptional sentence, and at that point he will become entitled to the benefit of Blakely. He contends that he must be re-sentenced within the standard rangewithout the extra point and with no exceptional sentence. He argues that it would be a violation of the ex post facto doctrine to start over by impaneling a new jury to consider whether he murdered with deliberate cruelty. He further argues that such a procedure would be impermissible because he was not given notice before his 1991 trial that the State would be seeking an exceptional sentence. See State v. Womac, 160 Wash.2d 643, 663, 160 P.3d 40 (2007).[5]
¶ 23 The State changes position in its most recent brief, and now argues that under a case recently decided by our Supreme Court, it would be premature for this court to decide whether or not a jury can be impaneled on remand to decide whether Rowland was deliberately cruel when he committed murder. State v. Eggleston, 164 Wash.2d 61, 187 P.3d 233 (2008).[6] In Eggleston, defendant Eggleston was tried in 2002 and convicted of second degree murder. The trial court imposed an exceptional sentence after finding that Eggleston knowingly killed a police officer. The Court of Appeals affirmed the conviction but vacated the exceptional sentence, relying on Blakely. On further review in the Supreme Court, the question arose as to whether the trial court would be able to impose an exceptional sentence again on remand by means of impaneling a jury. The court recognized that the legislature had amended the sentencing act twice since Eggleston's conviction. The first enactment was the "Blakely fix" statute of 2005 creating the system whereby, to conform to Blakely, juries are allowed to decide aggravating factors. This statutory amendment has been held inapplicable to any cases decided before its enactment. State v. Pillatos, 159 Wash.2d 459, 465, 150 P.3d 1130(2007). Next was a 2007 enactment intended to allow the trial court to impanel juries to decide aggravating factors in cases that were previously decided. Eggleston argued that neither of these statutes could be applied to him retroactively without being impermissibly ex post facto.
¶ 24 The State argued the issue was not ripe for the Supreme Court's review "because no jury has been impaneled to determine aggravating sentencing factors in Eggleston's case." Eggleston, 164 Wash.2d at 76, 187 P.3d 233. The Supreme Court agreed:
Although the Court of Appeals remanded for resentencing, we can only speculate about whether the State will request an exceptional sentence under the new statute. Accordingly, we decline to decide issues relating to former RCW 9.94A.537 because these issues are not ripe.
Eggleston, 164 Wash.2d at 77, 187 P.3d 233.
¶ 25 Based in part on Eggleston, we agree it would be premature for this court to dictate any particular procedure that the trial court must use when Rowland is resentenced. Like in Eggleston, it remains to be seen whether the State will actually request the impaneling of a jury.
¶ 26 Additionally, we question the parties' assumption that there is now a Blakely issue *961 in this case. The Sentencing Reform Act makes it the function of the trial court to decide whether to impose an exceptional sentence, and if so how long it should be. RCW 9.94A.535. This feature of the statute has survived Blakely. Rowland's exceptional sentence is not being remanded because the aggravating factor was found by a judge rather than a jury. Unlike the defendant in Eggleston, he is not entitled to have his exceptional sentence vacated under Blakely. Rowland's sentence is being remanded because, at the time the trial court selected 541 months as the appropriate length of the exceptional sentence, the court did not have in mind the correct standard range. The error in the offender score potentially bears upon the length of the exceptional sentence, but it does not implicate the findings that justified imposition of the exceptional sentence. The justification for the exceptional sentence was affirmed on direct appeal. Rowland's petition does not challenge it and there is no apparent basis upon which such a challenge could now escape the one-year time-bar.
¶ 27 Normally, on remand for resentencing where an exceptional sentence has been erroneously imposed, the sentencing court has the discretion to reduce the sentence but is not required to do so. State v. Jennings, 106 Wash.App. 532, 544, 24 P.3d 430 (2001) ("on resentencing, the trial court may choose to impose the same or similar exceptional sentence"). The parties have not explained why this rule should not apply when resentencing occurs in this case. We are not satisfied that the discovery of a mistake in the calculation of Rowland's offender score should be the occasion, in a collateral attack, for wiping out his exceptional sentence altogether  constitutional relief under Blakely to which he would not otherwise be entitled. We leave these matters for briefing and argument before the trial court on remand.
¶ 28 Petition granted. Remanded for resentencing.
WE CONCUR: COX and AGID, JJ.
NOTES
[1] Supplemental Brief of Petitioner, filed April 19, 2007, at 2-3. Rowland also invoked the exception in RCW 10.73.100(5)("The sentence imposed was in excess of the court's jurisdiction"), but because the parties have not argued this point we deem the issue abandoned and do not address it.
[2] Response to Personal Restraint Petition, filed October 11, 2007, at 2-3.
[3] Supplemental Brief of Petitioner, filed May 12, 2008, at 12-16.
[4] Response to Personal Restraint Petition, filed October 11, 2007, at 5.
[5] Supplemental Brief of Petitioner, filed May 12, 2008, at 17-31.
[6] Supplemental Response to Personal Restraint Petition, filed September 30, 2008, at 3-4.