FILED
COURT OF APPEALS
DIVISION II

2013 APR -2 AM 8: 50

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43388-5-II |
| Respondent, | |
| v. | |
| LAWRENCE BURCH, | UNPUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — Lawrence Burch appeals from the exceptional sentence imposed following his *Newton*[1] plea of guilty to first degree theft, arguing that the trial court erred in including two out-of-state convictions in his offender score. We reverse and remand for resentencing.[2]

The State charged Burch with first degree theft and alleged two sentence aggravators: that the offense was a major economic offense and that the standard range sentence would be clearly too lenient. Burch entered his plea allowing the trial court to review the declaration of probable cause for a factual basis for the plea and the aggravators. The State and Burch agreed that Burch had five prior convictions: two Washington convictions for first degree theft, one

---

[1] *State v. Newton*, 87 Wn.2d 363, 373, 552 P.2d 682 (1976). *See also North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] A commissioner of this court initially considered Burch's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

Washington conviction for conspiracy to deliver controlled substances, one Ohio conviction for aggravated burglary, and one California conviction for attempted theft of elder over $400. The State contended that all five convictions should be included in Burch's offender score, which would make his offender score 5 and his standard sentence range 14 to 18 months of confinement. Burch contended that the Ohio and California convictions should not be included in his offender score because they were not comparable to Washington crimes. Thus, he contended that his offender score should be 3, which would make his standard sentence range 4 to 12 months of confinement. The trial court found that the Ohio and California convictions were comparable to Washington crimes. It found Burch's offender score to be 5 and his standard sentence range to be 14 to 18 months. It then found both sentence aggravators were present and imposed an exceptional sentence of 80 months of confinement.

Burch argues that the trial court erred in finding that the Ohio and California convictions were comparable to Washington felonies, as required under RCW 9.94A.525(3). He also argues that the trial court erred in not conducting its comparability analysis on the record. *State v. Labarbera*, 128 Wn. App. 343, 349, 115 P.3d 1038 (2005). The State concedes that the court erred in finding the Ohio and California convictions were comparable to Washington felonies. But it contends that because the court imposed an exceptional sentence, any error in calculating Burch's offender score and standard sentence range is harmless.

"When a sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway." *In re Pers. Restraint of Rowland*, 149 Wn. App. 496, 508, 204 P.3d 953 (2009) (citing *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997)). While the record is clear that the trial court would have imposed *an* exceptional

sentence if Burch's standard sentence range was 4 to 12 months instead of 14 to 18 months, it is not clear that the trial court would have imposed an *80-month* exceptional sentence. Accordingly, we reverse Burch's sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

QUINN-BRINTNALL, J.

We concur:

HUNT, P.J.

BJORGEN, J.