[No. 64262-6-I. Division One. February 28, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL J. ROWLAND, *Appellant*.

*Gregory C. Link* and *Nancy P. Collins* (of *Washington Appellate Project*), for appellant.

*Mark K. Roe, Prosecuting Attorney*, and *Thomas M. Curtis, Deputy*, for respondent.

¶1 LAU, J. — This case presents the question of whether *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531,

159 L. Ed. 2d 403 (2004), applies to require that facts supporting an exceptional sentence be tried to a jury and proved beyond a reasonable doubt on remand for resentencing from a collateral attack on a miscalculated offender score. Because Rowland's collateral attack on his standard range sentence did not affect the finality of his exceptional sentence, we affirm the exceptional sentence imposed at the resentencing hearing. But because Rowland was entitled to dispute a new offender score error at his resentencing hearing, we remand to correct the offender score and standard sentencing range.

## *FACTS*

¶2 Rowland was convicted in 1991 of first degree murder and taking a motor vehicle without permission. *In re Pers. Restraint of Rowland*, 149 Wn. App. 496, 501, 204 P.3d 953 (2009) (*Rowland* II).[1] Based on an offender score of 3, Rowland's standard range was 273-361 months. *Rowland* II, 149 Wn. App. at 501. The court imposed an exceptional sentence of 180 months—for a total sentence of 541 months—based on a finding of deliberate cruelty.[2] *Rowland* II, 149 Wn. App. at 501. Rowland appealed his judgment and sentence and this court affirmed in all respects. *State v. Rowland*, noted at 76 Wn. App. 1072 (1995); *see also Rowland* II, 149 Wn. App. at 501. The mandate was issued on June 26, 1995. *Rowland* II, 149 Wn. App. at 501.

¶3 In January 2007, Rowland filed a personal restraint petition (PRP), challenging his offender score on the basis that his prior California conviction for burglary was not

---

[1] The State notes that "the facts and procedural history . . . prior to remand are adequately set out in this Court's opinion" in *Rowland* II. Br. of Resp't at 1.

[2] The court found the following "substantial and compelling reasons" for the exceptional sentence:

> The defendants exhibited deliberate cruelty by inflicting sixteen stab wounds following an ax blow to the head; by telling the victim during the course of his murder: "You're dying, Dude"; by stuffing a hat into the victim's mouth as he tried to crawl away from his home to stifle any further cries or pleas while inflicting the last of the stab wounds.

comparable to a Washington burglary. *Rowland* II, 149 Wn. App. at 503-04. We accepted the State's concession of error, holding that the offender score should have been 2 rather than 3. *Rowland* II, 149 Wn. App. at 507. We "[r]emanded for resentencing," reasoning,

> Rowland's sentence is being remanded because, at the time the trial court selected 541 months as the appropriate length of the exceptional sentence, the court did not have in mind the correct standard range. The error in the offender score potentially bears upon the length of the exceptional sentence, but it does not implicate the findings that justified imposition of the exceptional sentence.

*Rowland* II, 149 Wn. App. at 512.

¶4 At the time of Rowland's original sentence, the law allowed a sentencing court to impose an exceptional sentence based on judicial fact-finding. But when we granted Rowland's PRP, *Blakely* required that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). Our Supreme Court subsequently held that *Blakely* was not retroactive. *State v. Evans*, 154 Wn.2d 438, 448, 114 P.3d 627 (2005). The *Rowland* II court "[r]emanded for resentencing" but refused to assume that the State would seek an exceptional sentence on remand and declined to decide whether *Blakely* would apply if it did. *Rowland* II, 149 Wn. App. at 511-12.

> We are not satisfied that the discovery of a mistake in the calculation of Rowland's offender score should be the occasion, in a collateral attack, for wiping out his exceptional sentence altogether—constitutional relief under *Blakely* to which he would not otherwise be entitled. We leave these matters for briefing and argument before the trial court on remand.

*Rowland* II, 149 Wn. App. at 512. We remanded the case to the trial court and the mandate was issued on May 15,

2009, for "further proceedings in accordance with the attached true copy of the opinion." Neither party sought review in the Supreme Court.

¶5 At the resentencing hearing on September 16, 2009, the court heard from three members of the victim's family,[3] Rowland, and counsel for the State and Rowland. Both Rowland and the State submitted sentencing briefs. The court stated that *Blakely* did not apply on resentencing, and it distinguished between what it was required to reconsider on remand (the standard range sentence) from the exceptional sentence.

> Mr. Rowland, I gave a great deal of thought to the sentence that I imposed when I sentenced you 18 years ago. I see no reason to change that sentence now, not up, not down. And I'm not going to, except the fact that the sentencing score has changed. . . . [W]hen I sentenced you, it was the intent to treat you and [your co-accused] equal in that I was sentencing you to the high end of the range along with 15 years as an exceptional sentence to both of you. That was my intent, and there is no reason to depart from that now.

> So I now sentence you to the high end of the range with a score of two, which is 347 months plus 180 months, which is 15

---

[3] Article I, section 35 of the Washington State Constitution provides,

"**VICTIMS OF CRIMES — RIGHTS.** Effective law enforcement depends on cooperation from victims of crime. To ensure victims a meaningful role in the criminal justice system and to accord them due dignity and respect, victims of crime are hereby granted the following basic and fundamental rights.

"Upon notifying the prosecuting attorney, a victim of a crime charged as a felony shall have the right to be informed of and, subject to the discretion of the individual presiding over the trial or court proceedings, attend trial and all other court proceedings the defendant has the right to attend, and to make a statement at sentencing and at any proceeding where the defendant's release is considered, subject to the same rules of procedure which govern the defendant's rights. In the event the victim is deceased, incompetent, a minor, or otherwise unavailable, the prosecuting attorney may identify a representative to appear to exercise the victim's rights. This provision shall not constitute a basis for error in favor of a defendant in a criminal proceeding nor a basis for providing a victim or the victim's representative with court appointed counsel."

years for the exceptional sentence that I imposed 18 years ago, and I re-impose that.[4]

Report of Proceedings (Sept. 16, 2009) (RP) at 24-25. The difference between Rowland's original sentence and his current sentence for first degree murder is summarized below:

| | Offender Score | Standard Range | Standard Range Sentence | Exceptional Sentence | Total Sentence |
|---|---|---|---|---|---|
| Original Sentence | 3 | 271-361 months | 361 months | 180 months | 541 months |
| Resentencing | 2 | 261-347 months | 347 months | 180 months | 527 months |

¶6 In addition, Rowland argued that his offender score was still wrong because it "separately counted two concurrently imposed convictions from before 1986." Br. of Appellant at 5. Rowland maintained that under former RCW 9.94A.360(6)(c) (1990), convictions prior to 1986 that were concurrently imposed were required to be counted as a single point. The State argued that the law of the case doctrine precluded the court from considering Rowland's offender score contention and that Rowland waived the issue by not raising it in his PRP. The court ruled, "[T]he State is correct in that the offender score is a two." RP at 22.

¶7 The court entered a new judgment and sentence with the revised sentence. It re-filed the original 1991 appendix to the judgment and sentence, detailing "substantial and compelling reasons" for imposition of the exceptional sentence.

*ANALYSIS*

*Application of* Blakely *on Remand*

¶8 Rowland first argues that the resentencing court erred in concluding that *Blakely* did not apply at resentencing and imposing an exceptional sentence based solely on judicial fact-finding. The State counters that because this

---

[4] The court also imposed the high end of the sentencing range (five months) for the taking a motor vehicle without permission count, to run concurrently with the first degree murder count.

court considered and affirmed Rowland's exceptional sentence on his direct appeal, the law of the case doctrine bars further review.

¶9 Rowland relies primarily on *State v. McNeal*, 142 Wn. App. 777, 175 P.3d 1139 (2008). There, McNeal's sentence was affirmed on direct appeal. In a subsequent PRP, the court held that the sentence on one of his counts, possession with intent to deliver, exceeded the statutory maximum. The court " 'vacated' and remanded McNeal's sentence for his drug conviction [but] left his sentences for the other counts intact." *McNeal*, 142 Wn. App. at 784. The resentencing court found that *Blakely* did not apply since McNeal's direct appeal was final before *Blakely* was decided. *McNeal*, 142 Wn. App. at 784. The court "adopted the previous court's findings of fact and conclusions of law supporting the exceptional sentences, which it reimposed . . . ." *McNeal*, 142 Wn. App. at 785.

¶10 McNeal appealed his resentencing, and the State conceded error on the *Blakely* issue. The court held,

> In *In re Personal Restraint of Skylstad*, our Supreme Court recently explained that a conviction is "final" for PRP time-bar purposes only if *both* the conviction and the sentence are final. 160 Wn.2d 944, 949-50, 162 P.3d 413 (2007). Once we vacated McNeal's original sentence, there was no longer a final sentence, the case was no longer final, and the trial court, therefore, erred when it found that *Blakely* did not apply to McNeal's resentencing on remand.

*McNeal*, 142 Wn. App. at 786-87 (footnotes omitted). The court then concluded that the resentencing court had erred by imposing the exceptional consecutive sentences under RCW 9.94A.589(1)(a) because "a jury must find facts supporting an exceptional sentence beyond the standard range." *McNeal*, 142 Wn. App. at 788.

¶11 Our Supreme Court reached the opposite conclusion in *State v. Kilgore*, 167 Wn.2d 28, 216 P.3d 393 (2009). Kilgore was originally convicted of three counts of rape of a child and four counts of child molestation in 1998. The trial

court found five aggravating factors and imposed 560 months' exceptional, concurrent sentences on each of the seven counts. Division Two of this court reversed two counts but affirmed five and remanded for further lawful proceedings. Our Supreme Court affirmed. The mandate became final for purposes of retroactivity analysis on January 5, 2003, before the Supreme Court's opinion in *Blakely*.

¶12  On remand in October 2005, Kilgore argued that the trial court had to resentence him under *Blakely*. The trial court declined and signed an order striking the two counts, correcting the judgment and sentence, and correcting his offender score, but "made clear that in correcting the judgment and sentence to reflect the reversed counts, it was not reconsidering the exceptional sentence imposed on each of the remaining counts." *Kilgore*, 167 Wn.2d at 41. The court also explicitly ruled that "Kilgore was not entitled to a new sentencing hearing." *Kilgore*, 167 Wn.2d at 34.

¶13  The Supreme Court concluded that the trial court did not abuse its discretion by declining to resentence Kilgore. Although the number of his convictions had been reduced, his presumptive sentencing range remained the same. *Kilgore*, 167 Wn.2d at 42-43. The court held that where a trial court exercises no independent judgment on remand, there is no issue to review on appeal because the original judgment and sentence remains final and intact. *Kilgore*, 167 Wn.2d at 40. The court reasoned, " '[T]he finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced' is unaffected by the reversal of one or more counts." *Kilgore*, 167 Wn.2d at 37 (quoting *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 34, 604 P.2d 1293 (1980)). " 'Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on *such issue* does it become an appealable question.' " *Kilgore*, 167 Wn.2d at 37 (emphasis added) (quoting *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)). The decision to simply correct a judgment and sentence is not an appealable act of independent judgment by the trial court. In such a case, "it is the original

judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration." *Kilgore*, 167 Wn.2d at 40-41.

¶14 The court's decision relied partly on the pre-*Blakely* case *Barberio*, 121 Wn.2d at 51. Barberio was convicted of second degree rape and third degree rape, and the court imposed an exceptional sentence. *Barberio*, 121 Wn.2d at 49. We reversed the third degree rape conviction, affirmed the second degree rape conviction, and left the unchallenged exceptional sentence intact. *Barberio*, 121 Wn.2d at 49. On remand, the resentencing court imposed the same exceptional sentence despite Barberio's argument that his lower sentencing range required the resentencing court to reduce his exceptional sentence. *Barberio*, 121 Wn.2d at 49-50. Describing the *Barberio* holding, the *Kilgore* court stated,

> We held there was no issue to review on appeal because the trial court did not exercise its independent judgment on remand. . . . *Barberio* thus makes clear that when, on remand, a trial court has the choice to review and resentence a defendant under a new judgment and sentence or to simply correct and amend the original judgment and sentence, that choice itself is not an exercise of independent judgment by the trial court. The reason that choice is not an independent judgment is because if the trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration.

*Kilgore*, 167 Wn.2d at 40-41 (footnote omitted).

■ ¶15 *McNeal* is distinguishable.[5] There the court explained that its prior remand order in McNeal's PRP "vacated" the original judgment and sentence. And there

---

[5] We also note alternatively that we would decline to follow *McNeal* here. The *McNeal* court relied on *Skylstad*'s holding on finality of a judgment and sentence. But *Skylstad* dealt with finality in the specific context of the one year PRP time bar under RCW 10.73.090 and "did not address finality for purposes of retroactivity . . . ." *Kilgore*, 167 Wn.2d at 36 n.5; *Skylstad*, 160 Wn.2d at 947. We also note that the *McNeal* court, without the benefit of adversarial briefing since the State had conceded error on the *Blakely* issue, failed to address *Barberio*.

was therefore no longer a final judgment and sentence. "Once we vacated McNeal's original sentence, there was no longer a final sentence, the case was no longer final, and the trial court, therefore, erred when it found that *Blakely* did not apply to McNeal's resentencing on remand." *McNeal*, 142 Wn. App. at 786-87 (footnote omitted). In *Rowland* II, we did not vacate the standard range sentence but remanded for resentencing. We expressly noted that doing so would not necessarily invalidate the exceptional sentence, which was valid when it was imposed and affirmed on direct appeal. "We are not satisfied that the discovery of a mistake in the calculation of Rowland's offender score should be the occasion, in a collateral attack, for wiping out his exceptional sentence altogether . . . ." *Rowland* II, 149 Wn. App. at 512.

¶16 Such an approach is well supported by precedent. Our Supreme Court has consistently held that "[c]orrecting an erroneous sentence in excess of statutory authority does not affect the finality of that portion of the judgment and sentence that was correct and valid when imposed." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 877, 50 P.3d 618 (2002). In *Carle*, the defendant pleaded guilty to first degree robbery while armed with a deadly weapon. He was sentenced to a maximum term of 20 years, but "[d]ue to the enhanced penalty provision of [former] RCW 9.41.025(1) [(1969)], petitioner was subject to a minimum nondeferable and nonsuspendable 5-year sentence." *Carle*, 93 Wn.2d at 32. After the Supreme Court held in a different case that former RCW 9.41.025(1) did not apply to first degree robbery, Carle challenged his sentence in a PRP. The court agreed that the sentence was erroneous and that the trial court had "the power and the duty to correct it." *Carle*, 93 Wn.2d at 33-34. The court reasoned, however, that such a holding did not affect the finality of the entire sentence.

> Petitioner's entire sentence is not erroneous, however. Our holding does not affect the finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced. We declare only that the trial court must

correct the erroneous portion of petitioner's sentence by properly resentencing him without regard for RCW 9.41.025 and its attendant consequences.

*Carle*, 93 Wn.2d at 34 (citation omitted).

¶17 Relying on *Carle*, the Supreme Court reached the same conclusion in *State v. Eilts*, 94 Wn.2d 489, 617 P.2d 993 (1980). There, the sentencing court imposed one year of confinement with nine months suspended on condition that Eilts pay restitution to 87 defrauded investors, despite the fact that the State charged and proved that Eilts had defrauded only 7 named investors. *Eilts*, 94 Wn.2d at 492. On appeal, the Supreme Court concluded that under the law at the time, the trial court lacked authority to order restitution for the uncharged acts. *Eilts*, 94 Wn.2d at 494-95. The court remanded for a modification of the restitution order only but left the probation order conditioned on the higher restitution payment intact. The court reasoned,

It is well established that the imposition of an unauthorized sentence does not require vacation of the entire judgment or granting of a new trial. *In re [Pers. Restraint of] Carle*, 93 Wn.2d 31, 604 P.2d 1293 (1980). The error is grounds for reversing only the erroneous portion of the sentence imposed. Consequently, although the probation exceeds the authority granted in RCW 9.95.210, the order as a whole is not void.

Probation conditioned on restitution to be made to the seven investors named in the counts of which defendant was convicted is clearly authorized by RCW 9.95.210. The trial record indicates the seven investors were defrauded of a total of approximately $24,930. Consequently, the cause is remanded for modification of the restitution order consistent with this opinion.

*Eilts*, 94 Wn.2d at 496.

¶18 In *In re Postsentence Review of Leach*, 161 Wn.2d 180, 163 P.3d 782 (2007), Leach was sentenced to 23.25 months' confinement and between 9.00 and 18.00 months' community custody. *Leach*, 161 Wn.2d at 183. The Supreme

Court concluded that the imposition of community custody was not authorized by statute and that portion of the sentence "must be excised from Leach's otherwise valid sentence." *Leach*, 161 Wn.2d at 188. The court "remand[ed] . . . for resentencing without community custody" only, noting, " 'The error is grounds for reversing only the erroneous portion of the sentence imposed.' " *Leach*, 161 Wn.2d at 188-89 (internal quotation marks omitted) (quoting *In re Pers. Restraint of West*, 154 Wn.2d 204, 215, 110 P.3d 1122 (2005)). The court left intact the 23.25 months' confinement.

¶19 *Carle*, *Eilts*, and *Leach* establish that where one portion of a sentence is found to be erroneous, it does not undermine that part of the sentence that is otherwise valid. An appellate court may remand for resentencing for an erroneous offender score but leave the otherwise valid exceptional sentence intact. *See Kilgore*, 167 Wn.2d at 37 (" '[T]he finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced' is unaffected by the reversal of one or more counts." (quoting *Carle*, 93 Wn.2d at 34)); *see also Barberio*, 121 Wn.2d at 49-50.

¶20 On remand, the resentencing court reconsidered only the erroneous offender score, while declining to exercise its discretion to consider the exceptional sentence. "I see no reason to change that sentence now, not up, not down. And I'm not going to, except the fact that the sentencing score has changed." RP at 24. Furthermore, it ordered the same exceptional sentence it had originally imposed—the high end of the range, plus 180 months (15 years). The court explained its original sentence and its intent on resentencing,

> [W]hen I sentenced you, it was the intent to treat you and [your co-defendant] equal in that I was sentencing you to the high end of the range along with 15 years as an exceptional sentence to both of you. That was my intent, and there is no reason to depart from that now.

RP at 24. The resentencing court did not exercise independent judgment or discretion when it ordered the exceptional sentence but merely substituted the high end of one standard range for that of another and reimposed the original exceptional sentence. *See Barberio,* 121 Wn.2d at 49-50 (no issue to review on appeal where resentencing court sentenced defendant to same exceptional sentence despite his reduced offender score). Therefore, while the finality of Rowland's standard range sentence was disturbed by our remand for resentencing following his successful PRP, his exceptional sentence was not. Indeed, in entering the new judgment and sentence, the resentencing court attached the 1991 appendix for the exceptional sentence.

¶21 Even if the resentencing court had exercised its discretion by reconsidering either whether to impose the exceptional sentence or its length, that decision does not implicate *Blakely. Blakely* involves only the procedure to determine the factual basis of an exceptional sentence, not the decision to impose one or its length. As we noted in *Rowland* II, "The Sentencing Reform Act of 1981, chapter 9.94A RCW, makes it the function of the trial court to decide whether to impose an exceptional sentence, and if so how long it should be. RCW 9.94A.535. This feature of the statute has survived *Blakely.*" *Rowland* II, 149 Wn. App. at 511; *see also State v. Kolesnik,* 146 Wn. App. 790, 802, 192 P.3d 937 (2008) ("*Blakely* held that a jury, not a judge, must find any aggravating fact that increases the penalty of a crime beyond the prescribed standard range beyond a reasonable doubt. But *Blakely* did not alter the law governing review of the *length* of an exceptional sentence based on properly adjudicated factors." (citations omitted)). Indeed, RCW 9.94A.535 provides that where facts supporting aggravated sentences are "determined pursuant to the provisions of RCW 9.94A.537," the so-called "*Blakely* fix,"[6] "[t]he

---

[6] The legislature has twice amended the sentencing act to conform to *Blakely.* First, the "Legislature enacted former RCW 9.94A.537 (Laws of 2005, ch. 68, § 1) (known as the "*Blakely* fix") [which] authorized trial courts to impanel juries to consider aggravating factors supporting exceptional sentences." *State v. Applegate,*

*court* may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence." (Emphasis added.)

¶22 Thus, post-*Blakely*, the imposition of an exceptional sentence involves two steps. First, a jury makes a factual determination beyond a reasonable doubt that facts exist to support an exceptional sentence. RCW 9.94A.537(3); *Blakely*, 542 U.S. at 301. Second, a judge exercises his or her discretion to determine, given the aggravating facts, whether an exceptional sentence is warranted and, if so, its length. RCW 9.94A.535. Our remand authorized the resentencing court to consider only the second step, if it chose to do so, which does not implicate *Blakely*.

> Rowland's sentence is being remanded because, at the time the trial court selected 541 months as the appropriate length of the exceptional sentence, the court did not have in mind the correct standard range. *The error in the offender score potentially bears upon the length of the exceptional sentence, but it does not implicate the findings that justified imposition of the exceptional sentence.* The justification for the exceptional sentence was affirmed on direct appeal. Rowland's petition does not challenge it, and there is no apparent basis upon which such a challenge could now escape the one-year [PRP] time bar.

*Rowland* II, 149 Wn. App. at 512 (emphasis added). And even if the resentencing court had reconsidered the length of the exceptional sentence, that decision would not impli-

147 Wn. App. 166, 171, 194 P.3d 1000 (2008). This statutory amendment has been held inapplicable to any cases decided before its enactment. *State v. Pillatos*, 159 Wn.2d 459, 471, 150 P.3d 1130 (2007).

The second and more recent enactment was the 2007 "*Pillatos* fix" that allows trial courts to impanel juries to decide aggravating factors in cases that had been previously decided. That provision provides,

(2) In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.

RCW 9.94A.537.

cate *Blakely*. We conclude the trial court correctly ruled that *Blakely* did not apply to Rowland's resentence.[7]

*New Challenge to Offender Score at Resentencing*

¶23 Rowland next argues that the resentencing court improperly refused to consider his new challenge to his offender score. At the resentencing hearing, Rowland argued for the first time that his offender score should be a 1 and not a 2. Rowland maintained that under former RCW 9.94A.360(6)(c),[8] his two prior concurrently imposed California drug convictions from before 1986 must be counted as a single point. The State counters that because the grounds for challenging the offender score existed at the time of Rowland's PRP and he failed to raise them then, he was barred from raising them before the resentencing court. The State concedes, however, that if Rowland is allowed to raise the issue, his offender score is incorrect. *See* Br. of Resp't at 11 n.4.

¶24 The State's argument is unpersuasive. Unlike the exceptional sentence (which we authorized the resentencing court to leave intact in *Rowland* II), Rowland's standard range sentence was not final. In *Rowland* II, we required the resentencing court to correct the offender score and the standard range. The resentencing court thus necessarily exercised its independent discretion by reconsidering the standard range. Rowland was therefore entitled to raise new challenges to his offender score on remand. *See State v. Toney*, 149 Wn. App 787, 792, 205 P.3d 944 (2009) (defendant was entitled to raise new sentencing issues on a second appeal "if, on the first appeal, the appellate court vacates the original sentence or remands for an entirely new sentencing proceeding . . ."); *Carle*, 93 Wn.2d at 33

---

[7] Having concluded that the trial court did not err, we decline to address the State's law of the case, collateral estoppel, or harmless error arguments. We further note that at oral argument, the State abandoned these contentions.

[8] That section provides, "In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense . . . ."

(" 'When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence, when the error is discovered.' " (emphasis omitted) (quoting *McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d 848 (1955), *overruled in part on other grounds by State v. Sampson*, 82 Wn.2d 663, 513 P.2d 60 (1973))); *see also Goodwin*, 146 Wn.2d at 874 ("[I]n general a defendant cannot waive a challenge to a miscalculated offender score.").

*Remand*

¶25 When a sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand for resentencing is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway. *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997). We conclude that the record here demonstrates a clear basis for concluding that if Rowland's offender score had been correctly calculated and the standard range correctly determined, the resentencing court would have imposed the same exceptional sentence of 527 months. Therefore, remand solely to correct the offender score and standard range is the proper remedy, not remand for resentencing.

¶26 At resentencing, the prosecutor specifically requested the court to find it would impose the same exceptional sentence in the future.

> [THE STATE]: And it seems like there was one other question. I don't know if Your Honor is willing to comment on this. It is very likely that this will go back up now on the issue of whether the exceptional sentence could be re-imposed. And given [defense counsel's] argument, there may be some argument that the offender score should be a one. *I'm wondering if you are willing to make a finding that you would impose the same sentence at this point even if it's returned on an offender score of one.*
>
> THE COURT: What is the range on a one?
>
> [DEFENSE COUNSEL]: 250 to 333 months.

THE COURT: So if it goes up to the Court of Appeals, and/or if it's brought to the Court of Appeals' attention, and if they rule that – if they decide that the scoring should be a one, would the matter come back in front of me again?

[DEFENSE COUNSEL]: Defense position is that [it] would have to, because he would have to receive the appropriate sentence.

THE COURT: Which means that the family would have to go through this again?

[THE STATE]: And that's the reason I'm asking, Your Honor. I have seen more than you about how painful this is to them, and I hate to think of them having to come back yet again for another sentencing hearing.

THE COURT: And if I stated that if the scoring range changes, if I stated that that should apply, it would still come back to me. If I state that it doesn't apply and I would impose the same sentence, it doesn't come back, does not come back to me?

[THE STATE]: That's what I'm hoping. *Because the* [*Rowland* II] *court said that they couldn't tell whether you would have imposed the same sentence this last time. And I was thinking if it was made clear that you would impose the same sentence even if they changed the score, but if they upheld the exceptional, possibly the family wouldn't have to do this again.*

[DEFENSE COUNSEL]: With all respect to [the victim's] family, I do understand their situation; but I think it would have to come back. And I think the court's made it clear their intention was to sentence Mr. Rowland and [his co-defendant] with the same sentence, which would mean a reduced sentence should he be scored of [sic] a one. And I think that would appropriately be back in front of His Honor.

THE COURT: There's come a point where you just say enough is enough. And I'm at that point. *If the scoring range is determined to be a one rather than a two, which I'm concluding that it is now, the sentence that I imposed today would be the same sentence that I would impose if it came back in front of me. So in essence the exceptional sentence would increase.*[9]

RP at 27-29 (emphasis added).

---

[9] With the correct standard range of 250 to 333 months based on an offender score of one in mind, the court recognized the exceptional sentence would

¶27 We affirm the exceptional sentence and remand to correct the offender score and standard range consistent with this opinion.

LEACH, A.C.J., and SPEARMAN, J., concur.

Reconsideration denied May 6, 2011.

Review granted at 172 Wn.2d 1014 ( 2011).

necessarily increase from 180 months to 194 months in order to achieve the same sentence of 527 months which it had previously imposed in *Rowland* II.