# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70254-8-I |
|  | ) |  |
| Respondent, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN CHARLES THOMPSON, | ) | UNPUBLISHED |
|  | ) |  |
| Appellant. | ) | FILED: August 18, 2014 |
|  | ) |  |

2014 AUG 18 AM 10: 20 COURT OF APPEALS DIV I STATE OF WASHINGTON

Cox, J. – John Charles Thompson challenges his judgment and sentence, arguing that the court lacked authority to impose a firearm enhancement where the jury found that Thompson was armed with a deadly weapon. The sentencing court expressly declined to exercise independent judgment as to the enhancement on remand. So there is no basis for Thompson to challenge that aspect of the judgment and sentence.

In his statement of additional grounds, Thompson claims that we should exercise our discretion to address a new argument on appeal concerning the accomplice liability instruction at his 1998 trial. We decline to reach this issue and affirm.

In 1998, a jury convicted Thompson of murder in the first degree and unlawful possession of a firearm in the first degree. By special verdict, the jury answered affirmatively that Thompson was armed with a deadly weapon. Notwithstanding that verdict, the trial court imposed a 60-month firearm enhancement on the murder conviction.

Thompson appealed, claiming errors related to the trial but not to sentencing.[1] In an unpublished opinion, this court affirmed his convictions.[2] Subsequently, the supreme court denied his petition for review.[3]

In January 2011, Thompson filed a personal restraint petition challenging his sentence.[4] First, Thompson claimed that his judgment and sentence was invalid on its face because the sentencing court exceeded its authority by imposing a sentence above the standard range.[5] Second, he claimed that his 60-month firearm enhancement was invalid under State v. Williams-Walker. The reason was that the jury found by special verdict that Thompson was armed with a deadly weapon, not a firearm.[6] Under that case, a sentencing court cannot impose a firearm enhancement when the jury merely finds the defendant was armed with a deadly weapon.[7] In such a case, the harmless error doctrine does not apply.[8]

---

[1] See State v. Thompson, noted at 97 Wn. App. 1038, 1999 WL 730912.

[2] Id.

[3] State v. Thompson, 140 Wn.2d 1009, 999 P.2d 1263 (2000).

[4] In re Pers. Restraint of Thompson, noted at 170 Wn. App. 1043, 2012 WL 4335446 at *1.

[5] Id.

[6] Id. at *2 (citing State v. Williams-Walker, 167 Wn.2d 889, 225 P.3d 913 (2010)).

[7] Williams-Walker, 167 Wn.2d at 898.

[8] Id. at 902.

In response to Thompson's petition, the State conceded that the judgment and sentence was invalid on its face because Thompson's offender score on the murder conviction was incorrect.[9] This court accepted the State's concession about the offender score, but it rejected Thompson's argument about the firearm enhancement.[10] This court noted that the rule articulated in Williams-Walker was not retroactive and that "Thompson's sentence became final before [that case] was decided."[11] Further, this court stated that Thompson had not demonstrated actual prejudice.[12] Accordingly, it denied his claim for relief regarding the firearm enhancement and remanded for resentencing.[13]

In March 2013, Thompson, acting pro se, moved for relief from judgment pursuant to CrR 7.8, arguing in part that the jury was given a prejudicial and erroneous accomplice liability instruction.

Later that month, the case proceeded to resentencing before a different judge than the one imposing the original sentence. At the hearing, the State asked the court to impose the high end of the range, as the original sentencing judge had, plus the original 60-month firearm enhancement. Defense counsel argued for the low end of the standard range and asked the court to impose an exceptional sentence downward.

---

[9] In re Thompson, 2012 WL 4335446, at *1.

[10] Id. at *2.

[11] Id.

[12] Id.

[13] Id.

3

At the conclusion of the hearing, the judge stated that it was not "legally appropriate" to change the firearm enhancement. Additionally, he declined to grant Thompson's request for an exceptional sentence downward. The judge then considered several factors to determine the appropriate sentence within the newly calculated range. The corrected standard range was 341 months to 434 months for the murder charge, and 31 months to 41 months for the unlawful possession charge. The court sentenced Thompson to 410 months and 41 months, respectively, time to run concurrently.

The court also denied Thompson's CrR 7.8 motion.

Thompson appeals.

## SENTENCING ENHANCEMENT

Thompson argues that the sentencing court lacked authority to impose a 60-month enhancement for a firearm where the jury found that Thompson was armed with a deadly weapon, not a firearm. He contends that the propriety of this enhancement is properly before this court because the sentencing court "exercised discretion and found a firearm enhancement." We disagree.

The trial court's discretion on remand is limited by the scope of the appellate court's mandate.[14] "[W]hen, on remand, a trial court has the choice to review and resentence a defendant under a new judgment and sentence or to

---

[14] State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).

simply correct and amend the original judgment and sentence, that choice itself is not an exercise of independent judgment by the trial court."[15]

"'Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question.'"[16] "[I]f the trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration."[17]

"'Correcting an erroneous sentence in excess of statutory authority does not affect the finality of that portion of the judgment and sentence that was correct and valid when imposed.'"[18] Thus, "[W]here one portion of a sentence is found to be erroneous, it does not undermine that part of the sentence that is otherwise valid."[19] "An appellate court may remand for resentencing for an erroneous offender score but leave the otherwise valid exceptional sentence intact."[20]

---

[15] Id. at 40.

[16] Id. at 37 (quoting State v. Barberio, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)).

[17] Id. at 40-41.

[18] State v. Rowland, 160 Wn. App. 316, 326, 249 P.3d 635 (2011) (quoting In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 877, 50 P.3d 618 (2002)).

[19] Id. at 328.

[20] Id.

The cases <u>State v. Kilgore</u>[21] and <u>State v. Rowland</u>[22] are instructive.

In <u>Kilgore</u>, the supreme court concluded that, because the trial court on remand chose not to exercise its discretion, Mark Patrick Kilgore's case remained final, and the trial court did not abuse its discretion when it declined to invalidate Kilgore's exceptional sentence.[23] It noted that the trial court "made clear that in correcting the judgment and sentence to reflect the reversed counts, it was not reconsidering the exceptional sentence imposed on each of the remaining counts."[24]

Similarly, in <u>Rowland</u>, this court granted Michael Rowland's personal restraint petition challenging his offender score and remanded for resentencing.[25] "[T]he resentencing court reconsidered only the erroneous offender score, while declining to exercise its discretion to consider the exceptional sentence."[26] Thus, this court concluded that "while the finality of Rowland's standard range sentence was disturbed by our remand for resentencing following his successful PRP, his exceptional sentence was not."[27]

---

[21] 167 Wn.2d 28, 216 P.3d 393 (2009).

[22] 160 Wn. App. 316, 249 P.3d 635 (2011).

[23] <u>Kilgore</u>, 167 Wn.2d at 44.

[24] <u>Id.</u> at 41.

[25] <u>Rowland</u>, 160 Wn. App. at 320.

[26] <u>Id.</u> at 328.

[27] <u>Id.</u> at 329.

Here, as in these cases, the court made it abundantly clear on remand that it was not reconsidering Thompson's entire sentence. At the outset, it stated:

> And it is undisputed that the jury in fact did make certain findings beyond a reasonable doubt. ***And what we are here for is not a complete resentencing, but a resentencing to fix the specific error that was made by the original sentencing judge.*** *. . . **This is not a complete redo.***[28]

The court also expressly stated that it could not legally reconsider the firearm enhancement. Rather, it indicated that it only had discretion to sentence Thompson within the corrected standard range:

> So there is—there was a legal argument regarding the Court changing the enhancement. ***But I don't think that is legally appropriate.*** Because I think as [defense counsel] has to concede, as she properly has to given [sic] the reading of case law, there is no retroactivity in terms of that particular legal issue.
> So the Court will find that the correct standard range of count number one is 341 months to 434 months. And the correct standard range for count number two is 31 months to 41 months. Now, that is the standard range. ***And the Court has discretion to sentence a defendant within the standard range.***[29]

After considering several factors, including Thompson's efforts while he has been in custody, as well as the seriousness of the crime, it chose not to sentence Thompson at the high end of the range like the original sentencing court. Instead it sentenced Thompson closer to the middle of the corrected range.

---

[28] Report of Proceedings (Mar. 29, 2013) at 24 (emphasis added).

[29] Id. at 25 (emphasis added).

7

At the conclusion of the hearing, the court once again reiterated that it did not consider the other portions of Thompson's sentence, and it was merely correcting the earlier error:

> **The other conditions of the original sentence will remain in effect as really, we are here to correct the offender score and the sentencing range**, and therefore the sentence that arises therefrom. Counsel, we will need **a corrected judgment and sentence**.[30]

This record is crystal clear that the sentencing court did not exercise its discretion regarding Thompson's entire sentence. It did not reconsider the firearm enhancement.

We also note that Thompson's counsel did not ask the court to revisit the enhancement. In arguing for the exceptional sentence downward, she correctly stated:

> Williams-Walker at this point has been held not retroactive. So we can't go back and correct what in retrospect appears to be a wrong to [Thompson] when his jury returned that very verdict. It wasn't the law at that time. And we so recognize that. But we think this Court can sentence him to the low end and make that adjustment down.[31]

This court had already considered and rejected this claim for relief.[32] In his personal restraint petition, Thompson argued that his firearm enhancement was invalid under Williams-Walker.[33] This court noted that the Williams-Walker

---

[30] Id. at 28 (emphasis added).

[31] Id. at 13.

[32] In re Thompson, 2012 WL 4335446 at *2.

[33] Id.

rule is not retroactive and stated, "Because we do not presume prejudice and Thompson has not demonstrated actual prejudice, *we deny his claim for relief regarding the enhancement.*"[34]

Thompson argues that his case is distinguishable from Kilgore and Rowland. He points out that in Kilgore, the trial court "simply corrected the original judgment and sentence," and in Rowland, the trial court simply substituted the high end of one standard range for that of another. He argues that his case is different because the court "changed [his] standard range sentence by sentencing to the middle of the range on his corrected offender score—the original sentencing court had imposed the high-end of the range."[35] He also argues the resentencing court "considered (and rejected)" his argument for an exceptional sentence below the standard range.[36]

But the facts that the court exercised discretion when it sentenced Thompson to a lesser sentence within the standard range and denied his request for an exceptional sentence down, do not distinguish this case in any material way from Kilgore or Rowland. As previously stated, "'Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on *such issue* does it become an appealable question.'"[37] As in Kilgore and Rowland,

---

[34] Id. at *2 (emphasis added).

[35] Appellant's Opening Brief at 14.

[36] Id. at 15.

[37] Kilgore, 167 Wn.2d at 37 (emphasis added) (quoting Barberio, 121 Wn.2d at 50).

the resentencing court here expressly declined to exercise its discretion to consider the enhancement.

Thompson next argues that the mandate was open ended, and the resentencing court "reconsidered [his] entire sentence, entering a new judgment and sentence."[38] This does not comport with a plain reading of this record. This record is crystal clear that it was *not* reviewing Thompson's entire sentence.

Finally, Thompson argues that the sentencing court "made its own finding" that Thompson was armed with a firearm. He points to the following portion of the transcript, "'the Court is finding that the defendant was armed with a firearm, hence the 60-month enhancement. That's why the J&S reflects firearm.'"[39] But this statement was made by the prosecutor, to reflect that he had checked the box that the finding was with a firearm and not with a deadly weapon. It did not constitute a new finding by the court.

In sum, the propriety of the firearm enhancement is not properly before this court.

## STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds, Thompson argues that he "should have been afforded a new trial for the erroneous instruction" for accomplice

---

[38] Appellant's Opening Brief at 14; see also Appellant's Reply Brief at 2-4.

[39] Id. at 12 (quoting Report of Proceedings (Mar. 29, 2013) at 31).

liability.[40] He asserts that he can raise this issue under RAP 2.5(c) and RAP 1.2(a).[41] He is mistaken.

RAP 2.5(c) is permissive, both with respect to prior trial court action and prior appellate court action. Here, Thompson has had the benefit of two prior reviews by this court and prior opportunities to raise this issue then. He failed to do so. Accordingly, we decline to exercise our discretion to address this new issue.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:


_____          _____

---

[40] Appellant's Statement of Additional Grounds at 2.

[41] Id.