[No. 86117-0.   En Banc.]
Argued January 26, 2012.    Decided March 22, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL J.
ROWLAND, *Petitioner*.

*Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Mark K. Roe, Prosecuting Attorney,* and *Seth Aaron Fine* and *Thomas M. Curtis, Deputies,* for respondent.

¶1 C. JOHNSON, J. — The issue in this case is whether *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), applied at petitioner Michael Rowland's resentencing hearing where Rowland previously received an exceptional sentence on facts found by the judge. In 1991, Rowland was convicted of first degree murder and taking a motor vehicle without permission. In 2007, Rowland challenged his sentence on the basis that his offender score was erroneous. The Court of Appeals agreed and remanded for resentencing. The resentencing court found *Blakely* did not apply and reimposed the exceptional sentence. The Court of Appeals affirmed. We affirm.

FACTS

¶2 Michael Rowland was convicted in 1991 of first degree murder and taking a motor vehicle without permission. Based on an offender score of 3, Rowland's standard range was 273-361 months. The trial court imposed a high-end standard range sentence of 361 months and imposed an exceptional sentence of 180 months based on its finding of deliberate cruelty, for a total sentence of 541 months. The finding of deliberate cruelty was made by the judge alone.

¶3 In January 2007, Rowland filed a personal restraint petition, challenging his offender score. The Court of Appeals accepted the State's concession of error that the offender score should have been 2 rather than 3. In remanding for resentencing, the Court of Appeals stated:

Rowland's sentence is being remanded because, at the time the trial court selected 541 months as the appropriate length of the exceptional sentence, the court did not have in mind the correct

standard range. The error in the offender score potentially bears upon the length of the exceptional sentence, but it does not implicate the findings that justified imposition of the exceptional sentence.

*In re Pers. Restraint of Rowland*, 149 Wn. App. 496, 512, 204 P.3d 953 (2009).

¶4 On remand, the resentencing court found *Blakely* did not apply. It then left intact the original exceptional sentence of 180 months but reduced the overall sentence to 527 months, substituting the high-end standard range sentence for an offender score of 2 for the high-end standard range sentence for a score of 3. The court also rejected Rowland's claim, raised at resentencing, that his offender score should be 1. The State, however, asked the court whether it would reimpose the same sentence if the Court of Appeals later determined Rowland's correct offender score was a 1. The court answered that "[i]f the scoring range is determined to be a one rather than a two . . . the sentence that I imposed today would be the same sentence that I would impose if it came back in front of me. So in essence the exceptional sentence would increase." Verbatim Report of Proceedings (VRP) (Sept. 16, 2009) at 29.

¶5 On appeal, the Court of Appeals affirmed the resentencing court, holding that "[t]he resentencing court did not exercise independent judgment or discretion when it ordered the exceptional sentence but merely substituted the high end of one standard range for that of another and reimposed the original exceptional sentence." *State v. Rowland*, 160 Wn. App. 316, 329, 249 P.3d 635, *review granted*, 172 Wn.2d 1014, 262 P.3d 63 (2011).

¶6 Regarding Rowland's challenge to his offender score, the Court of Appeals held the score should have been 1 but determined the resentencing court would have imposed the same total sentence regardless. Therefore, it concluded that "remand solely to correct the offender score and standard range is the proper remedy, not remand for resentencing." *Rowland*, 160 Wn. App. at 332.

154

## Issue

¶7 Whether *Blakely* applied at Rowland's resentencing.

## Analysis

■ ¶8 Under *Blakely*, the United States Supreme Court held a jury must find the existence of aggravating sentencing factors beyond a reasonable doubt. *Blakely*, 542 U.S. at 304-07. We have held that *Blakely* does not apply retroactively to cases final before it was issued. *State v. Evans*, 154 Wn.2d 438, 444, 114 P.3d 627 (2005). While Rowland's original, erroneous sentence was final pre-*Blakely*, his resentencing occurred post-*Blakely*. The issue then is whether, under *Blakely*, a jury finding is required to support the exceptional sentence under these circumstances.

¶9 At the resentencing hearing, the court heard from three members of the victim's family, from Rowland, and from counsel. It recognized its discretion to resentence Rowland, including its discretion to increase the exceptional sentence, telling Rowland, "I very well can sentence you down or up." VRP (Sept. 16, 2009) at 24. Still, the court agreed with the State's position that *Blakely* did not apply. It then reimposed the original exceptional sentence of 180 months and amended the overall sentence to 527 months, substituting the high-end standard range sentence for an offender score of 2 (347 months) for the high-end standard range sentence for a score of 3 (361 months). In making this change, the court reasoned:

> Mr. Rowland, I gave a great deal of thought to the sentence that I imposed when I sentenced you 18 years ago. I see no reason to change that sentence now, not up, not down. And I'm not going to, except the fact that the sentencing score has changed. It was clear to me when I sentenced you [that] it was the intent to treat you and [your co-defendant] equal in that I was sentencing you to the high end of the range along with 15 years as an exceptional sentence to both of you. That was my intent, and there is no reason to depart from that now.

So I now sentence you to the high end of the range with a score of two, which is 347 months plus 180 months, which is 15 years for the exceptional sentence that I imposed 18 years ago, and I re-impose that.

VRP (Sept. 16, 2009) at 24-25. Thus, at the resentencing hearing, the trial court did not reconsider the factual findings supporting the exceptional sentence, did not make any new findings regarding deliberate cruelty, and did not change the length of the exceptional sentence.

¶10 As part of the initial appeal, Rowland challenged the factual basis for the exceptional sentence. That challenge was rejected. The Court of Appeals affirmed the basis for the exceptional sentence, *State v. Rowland,* noted at 76 Wn. App. 1072, 1995 Wash. App. LEXIS 535, at *21-23, and that basis has not been disturbed. Correction of Rowland's offender score error in 2009 did not require inquiry into the underlying basis for the exceptional sentence, and no inquiry was made. The trial court on remand did not redecide the justification for the exceptional sentence, and the change to Rowland's standard range left the justification intact. In essence, no new exceptional sentence was imposed since only the standard range was corrected. *Blakely* prohibits judicial fact finding in cases final after *Blakely,* which did not occur here. Based on the actions of the resentencing court, we hold *Blakely* did not apply at Rowland's resentencing.

¶11 Rowland argues that since his offender score is now conceded by the State to be 1 and that the trial judge indicated he would increase the exceptional sentence to more than 180 months were that the case, *Blakely* is implicated.[1]

---

[1] After resentencing Rowland, the court ruled on Rowland's argument that his offender score should be a 1 rather than a 2. Without further comment, the court concluded that "the State is correct in that the offender score is a two." VRP (Sept. 16, 2009) at 22. In response, the State specifically requested the court find it would impose the same total sentence in the future, should the Court of Appeals determine Rowland's offender score was a 1. The judge answered, "There comes a point where you just say enough is enough. And I'm at that point. If the scoring range is determined to be a one rather than a two . . . the sentence that I imposed

That issue is not before us, it was not before the Court of Appeals, and since no action has yet been taken by the trial court, it is premature. We address only the trial court's resentencing of Rowland based on an offender score of 2. We need not decide whether *Blakely* would apply on remand should the trial court increase Rowland's exceptional sentence; we hold only that *Blakely* did not apply when the trial court neither touched the factual findings supporting the exceptional sentence nor increased the sentence.

CONCLUSION

¶12 The trial court did not disturb the factual findings supporting Rowland's exceptional sentence and did not increase the sentence. Under these circumstances, we conclude *Blakely* did not apply at Rowland's resentencing. We affirm and remand for any further proceedings.

MADSEN, C.J., and CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

---

today would be the same sentence that I would impose if it came back in front of me. *So in essence the exceptional sentence would increase."* VRP (Sept. 16, 2009) at 29 (emphasis added).

On appeal, the State conceded Rowland's offender score was again incorrect and the Court of Appeals corrected the score from a 2 to a 1. It held, however, that because the record demonstrated a clear basis for concluding that "if Roland's offender score had been correctly calculated and the standard range correctly determined, the resentencing court would have imposed the same exceptional sentence of 527 months. Therefore, remand solely to correct the offender score and standard range is the proper remedy, not remand for resentencing." *Rowland*, 160 Wn. App. at 332. The Court of Appeals recognized this would require increasing Rowland's exceptional sentence from 180 months to 194 months. *Rowland*, 160 Wn. App. at 333 n.9.