# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
           )    No. 69311-5-I
      Respondent, )
           )    DIVISION ONE
    v.            )
           )
MICHAEL J. ROWLAND,    )    UNPUBLISHED OPINION
           )
      Appellant.    )    FILED:    OCT 1 4 2013

PER CURIAM. — Michael Rowland appeals the exceptional sentence imposed following his second resentencing for first degree murder and taking a motor vehicle without permission. He contends his sentence violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and sentencing statutes because it is based on a factual finding made by the court, not a jury. We affirm.

In 1991, a jury convicted Rowland of first degree murder and taking a motor vehicle without permission. The trial court imposed a high-end standard range sentence of 361 months and added an exceptional sentence of 180 months based on its finding of deliberate cruelty. Rowland challenged the basis for the exceptional sentence on direct appeal. This court affirmed. State v. Rowland, 76 Wn. App. 1072, No. 28109-7-I, 1995 WL 925646 (1995) (unpublished opinion), review denied, State v. Rowland, 126 Wn.2d 1025, 896 P.2d 63 (1995). The mandate issued on June 26, 1995.

In January 2007, Rowland filed a personal restraint petition challenging his offender score. This court accepted the State's concession that the offender score should have been 2, not 3. We remanded for resentencing, stating "[t]he error in the offender score potentially bears upon the length of the exceptional sentence, but it does

not implicate the findings that justified imposition of the exceptional sentence." In re Pers. Restraint of Rowland, 149 Wn. App. 496, 512, 204 P.3d 953 (2009). On remand, the court left the original exceptional sentence of 180 months intact but reduced the remainder of the sentence in accordance with the reduced standard range.

Rowland appealed, arguing that his exceptional sentence violated Blakely because it was based on an aggravating factor found by the court, not a jury. This court and the Supreme Court affirmed. State v. Rowland, 160 Wn. App. 316, 329, 249 P.3d 635, review granted, 172 Wn.2d 1014, 262 P.3d 63 (2011); State v. Rowland, 174 Wn.2d 150, 156, 272 P.3d 242 (2012). The Supreme Court held "that Blakely did not apply when the trial court neither touched the factual findings supporting the exceptional sentence nor increased the sentence." Id. Because the State conceded that Rowland's offender score was actually one, not two, the Supreme Court remanded "for any further proceedings." On remand, the court again reduced Rowland's standard range sentence but left the exceptional sentence unchanged.

Rowland appeals again, arguing, as he did before, that the sentence imposed on remand violated Blakely because the court relied on an aggravating factor found by the original sentencing judge, not a jury. He acknowledges that his original sentencing occurred prior to Blakely and that the exceptional portion of his sentence remains unchanged. He argues, however, that both the deliberate cruelty finding and exceptional sentence were imposed anew at his resentencing because the resentencing court had discretion to alter the sentence. He concludes, therefore, that Blakely applied at his

resentencing. This argument is controlled by the Washington Supreme Court's decision following Rowland's first resentencing.

The Supreme Court held that while the resentencing court had discretion to change Rowland's sentence, Blakely did not apply because the sentencing court "did not redecide the justification for the exceptional sentence, and the change to Rowland's standard range left the justification intact" and "did not increase the sentence." Rowland, 174 Wn.2d at 155-56. That holding applies equally to Rowland's second resentencing hearing. Although Rowland disagrees with the Supreme Court's conclusion, we are bound by it. MP Med. Inc. v. Wegman, 151 Wn. App. 409, 417, 213 P.3d 931 (2009).

Rowland also argues that RCW 9.94A.537, which authorizes courts to empanel juries at resentencing for the purpose of considering aggravating factors, required the court to empanel a jury at his second resentencing hearing. But the statute contains no such requirement. In any event, both this court and the Supreme Court previously noted that the factual basis for Rowland's exceptional sentence was upheld in, and became final after, his initial appeal, and that only his offender score and standard range were in issue at his subsequent resentencing hearings. Rowland, 160 Wn. App at 326; Rowland, 174 Wn.2d at 155. Accordingly, the statute did not apply below.

Affirmed.

For the court:

_____
Cox, J.

_____
Spearman, J.

_____
Leach, C. J.

3