# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56265-1-II |
| Respondent, | |
| v. | |
| YOSHIO KODOMA WHITE, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. – Yoshio White was convicted of first degree murder in 1996, and was sentenced to 500 months confinement, based in part on a judicial finding of deliberate cruelty. White has been resentenced twice: first, on direct appeal, because the sentencing court relied on additional aggravating factors that were improper as a basis for his upward variance; and second, after having his offender score reduced pursuant to *Blake*.[1] White's first resentencing resulted in a 500-month sentence, and his second resentencing resulted in a 466-month sentence.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021) (holding that Washington's strict liability drug possession statute was unconstitutional).

White now appeals from his second resentencing, arguing that the court impermissibly relied on a judicial finding of deliberate cruelty when it should have impaneled a jury pursuant to *Blakely*[2] and RCW 9.94A.537(2).

Because Washington law does not support a retroactive application of *Blakely* on these facts, and RCW 9.94A.537(2) does not apply to non-*Blakely* resentencings, we affirm the resentencing court.

FACTS

In 1996, a jury convicted Yoshio White of first degree murder. White's offender score was 6, and his standard sentencing range was 312-416 months. The trial court found three aggravating factors: deliberate cruelty, prior substantial criminal history showing a pattern of escalating violence, and manipulation of a witness. Its finding of deliberate cruelty was based on the fact that the victim was shot eight times, several of which "occurred after she had been shot and was lying on the ground and defenseless." Clerk's Papers at 141. The court sentenced White to 500 months, representing the sum of the high end of White's standard range plus an exceptional sentence of 84 months above the standard range.

White appealed his sentence, arguing that the trial court's finding of deliberate cruelty was not supported by the record and could not support the exceptional sentence, and that escalating violence and witness manipulation were not proper aggravating factors. *State v. White*, noted at 89 Wn. App. 1055, 1998 WL 109981, at *1-2. This court affirmed the trial court's finding of

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that defendants are entitled to a jury trial as to any aggravating factor used to support an exceptional sentence above the standard range).

deliberate cruelty but held that the other two aggravating factors were not proper aggravating factors. *Id.* at *2-3. This court therefore remanded White's case for resentencing. *Id.* at *3.

White's first resentencing hearing in 1999 resulted in a 500-month sentence based on the aggravating factor of deliberate cruelty. White appealed his resentencing to this court, arguing in relevant part that the evidence did not support an exceptional sentence. Comm'r's Ruling Affirming Sentence, *State v. White*, No. 24745-3-II, at 2 (Wash. Ct. App. Apr. 24, 2001). This court affirmed because the issue was raised and resolved in White's first appeal. *Id.* at 2-3. We reasoned that this court had, in White's first appeal, "specifically approved the factor of deliberate cruelty" and found "[t]hat factor, standing alone" to be sufficient to support White's exceptional sentence. *Id.* at 2. The supreme court denied review. *State v. White*, 145 Wn.2d 1013, 40 P.3d 1176 (2001). White's judgment and sentence became final on December 18, 2001, when this court issued the mandate disposing of his direct appeal.

White filed a personal restraint petition in 2005, arguing that *Blakely* entitled him to a jury determination as to any aggravating factors before he could receive an exceptional sentence. Ord. Dismissing Petition, *In re Pers. Restraint of White*, No. 32216-1-II, at 1 (Wash. Ct. App. Mar. 22, 2005). This court determined that *Blakely* did not apply retroactively to White's sentence, and therefore dismissed his petition. *Id.* at 3. In 2020, White filed another personal restraint petition, which we dismissed as time-barred. Ord. Dismissing Petition, *In re Pers. Restraint of White*, No. 54805-4-II (Wash. Ct. App. Dec. 1, 2020).

In 2021, White moved to correct his offender score and to be resentenced pursuant to *State v. Blake*. The superior court adjusted his offender score from 6 to 5 because his original score included a prior drug possession conviction made voidable under *Blake*. Correspondingly, his

standard range was reduced to 291-388 months. The State recommended a sentence of 472 months. The resentencing court imposed a 466-month sentence, the sum of the high end of White's new standard range plus an exceptional sentence of 78 months (reduced from 84 months) based on the prior sentencing court's finding of deliberate cruelty. The resentencing court reduced White's exceptional upward variance to match "where he would have been percentage-wise" as compared to his original sentence. Verbatim Report of Proceedings (VRP) at 29.[3]

White now appeals his amended sentence, arguing that the resentencing court impermissibly relied on the trial court's finding of deliberate cruelty and that *Blakely* entitled him to a jury trial on that issue.

ANALYSIS

I. APPLICABILITY OF *BLAKELY* TO WHITE'S RESENTENCING HEARING

White argues that the sentencing court impermissibly relied on the aggravating factor of deliberate cruelty found by the trial court at his original sentencing. He contends that he was entitled to a jury trial on the issue.

A. LEGAL PRINCIPLES

In 2004, the United States Supreme Court decided *Blakely v. Washington*, holding that criminal defendants have a constitutional right to have a jury decide the facts that support any aggravating factor underlying an exceptional sentence above the standard range. 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The supreme court in 2005 held that *Blakely* does not

---

[3] "In my judgment, the 472 [month sentence requested by the State] is slightly higher than where he would have been percentage-wise based on what Judge Hayes did 25 years ago. I am imposing 466 months in the Department of Corrections, 388 plus 82 [sic] months." VRP at 29-30. Although the court erroneously stated that the exceptional sentence would be 82 months, the written order reflects a 78-month exceptional sentence.

apply retroactively to convictions and sentences that were final before it was issued. *State v. Evans*, 154 Wn.2d 438, 449, 114 P.3d 627 (2005).

Washington codified *Blakely*'s holding in the 2005 amendment to the Sentencing Reform Act (SRA), which provides that "[t]he facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt." Former RCW 9.94A.537(2) (2005). The supreme court shortly thereafter held that the 2005 amendment to the SRA, by its plain language, applied only to criminal matters pending trial when the statute took effect on April 15, 2005. *State v. Pillatos*, 159 Wn.2d 459, 465, 150 P.3d 1130 (2007).

In response to *Pillatos*, the legislature in 2007 again amended the SRA, intending to give the superior courts "the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing." LAWS OF 2007, ch. 205, § 1. In relevant part, the 2007 amendment provides that:

> In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.

RCW 9.94A.537(2).

In 2012, the supreme court decided *State v. Rowland*. 174 Wn.2d 150, 272 P.3d 242 (2012). In *Rowland*, the court considered whether *Blakely* applied at the appellant's resentencing hearing, where the original sentence was final before *Blakely* but the resentencing occurred after *Blakely*. 174 Wn.2d at 154. At Rowland's original sentencing, the trial court imposed a high-end standard sentence of 361 months plus an exceptional upward variance of 180 months based on a finding of deliberate cruelty. *Id.* at 152. This sentence reflected an erroneous offender score of 3. *Id.* at 152-

53. Rowland challenged his offender score in a personal restraint petition, the state conceded error, and the court of appeals remanded the case for resentencing. *Id.* At Rowland's resentencing hearing, the court recalculated his sentence to reflect a corrected offender score of 2 and reimposed his original exceptional sentence. *Id.* at 153. The supreme court explained that the resentencing judge "did not reconsider the factual findings supporting the exceptional sentence, did not make any new findings regarding deliberate cruelty, and did not change the length of the exceptional sentence." *Id.* at 155. Thus, because "no *new* exceptional sentence was imposed," *Blakely* did not apply at Rowland's resentencing hearing. *Id.* (emphasis added).

B. ANALYSIS

*Rowland* is dispositive. Like in *Rowland*, White's sentence became final before *Blakely* was decided, and his resentencing occurred after *Blakely* was decided. Like in *Rowland*, the resentencing court changed White's standard range to correspond with his corrected offender score, but did not reevaluate[4] the exceptional sentence imposed beyond that range. And perhaps most importantly, like in *Rowland*, the resentencing court adopted the trial court's finding of deliberate cruelty without reconsidering the factual findings underlying the exceptional sentence.

White contends that *Rowland* is distinguishable because that case did not address RCW 9.94A.537(2). But as the State points out, RCW 9.94A.537(2) is not applicable to this case, just as

---

[4] Although the resentencing court here *did* reduce the exceptional upward variance from 84 to 78 months, it did *not* do so based on its impression of the facts—rather, it stayed true, "percentage-wise," to what the original sentencing court imposed and did not reconsider the facts. VRP at 29. The new sentence was equivalent to the old exceptional sentence in that both represented an upward variance of 20.1% of the duration of the high end of White's standard range. Because the resentencing court maintained the original court's reasoning and imposed an equivalent exceptional sentence, it did not *reevaluate* the exceptional sentence, even though it did reduce the number of months it imposed.

it was not applicable to *Rowland*, because it is a procedural statute that applies only when *Blakely* requires a jury trial.

The State is correct that RCW 9.94A.537(2) does not apply to White's resentencing. First, this court has reasoned that "RCW 9.94A.537(2) applies only to resentencing hearings required because of a *Blakely* error." *State v. Douglas*, 173 Wn. App. 849, 855, 295 P.3d 812 (2013) (footnote omitted). It follows that RCW 9.94A.537(2) does not apply here because White was not resentenced due to a *Blakely* error, but due to his revised offender score after *Blake*. The statute therefore cannot be the distinguishing factor between White's case and *Rowland*, because it applies to neither case. *See Rowland*, 174 Wn.2d at 156. And under *Rowland*, *Blakely* could not have applied at White's resentencing because White's conviction and sentence were final before *Blakely* was decided and the resentencing court did not reconsider the underlying facts. *See Id.* at 155.

Therefore, we affirm White's 466-month sentence.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his Statement of Additional Grounds (SAG),[5] White argues that (1) the prosecutor abused his power by asking the resentencing court to impose a 472-month sentence; (2) the resentencing court abused its power by imposing a 466-month sentence; (3) his attorney correctly advised the resentencing court that he was entitled to a jury on the aggravating factor; (4) *Blakely* entitles him to a sentence within the standard range; and (5) he is entitled to request that his legal financial obligation be waived or reduced.

First, White claims the prosecutor committed misconduct by seeking a 472-month sentence. To prevail on a prosecutorial misconduct claim, the defendant bears the "significant

---

[5] *See* RAP 10.10.

burden" of showing that the prosecutor's conduct was both improper and prejudicial in the context of the entire record. *See State v. Thorgerson*, 172 Wn.2d 438, 455, 258 P.3d 43 (2011). The record does not reflect that the prosecutor's conduct was improper in proposing a 472-month sentence.

White next claims that his 466-month sentence was an abuse of judicial power. Judicial misconduct claims typically require showing that the judge was biased, or at a minimum, violated the appearance of fairness. *See, e.g.*, *State v. Solis-Diaz*, 187 Wn.2d 535, 540, 387 P.3d 703 (2017); *In re Dependency of A.E.T.H.*, 9 Wn. App. 2d 502, 517, 446 P.3d 667 (2019). Because we presume that "a trial judge properly discharged [their] official duties without bias or prejudice," a court's "[j]udicial rulings alone almost never constitute a valid showing of bias." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004). White's judicial misconduct claim does not merit reversal because he complains only that the sentence he received was too long.

White then repeats in his SAG that he was entitled to a jury on the aggravating factor and that *Blakely* entitles him to a sentence within the standard range. Errors that "have been thoroughly addressed by counsel" are "not proper matters for [the] statement of additional grounds under RAP 10.10(a)." *State v. Thompson*, 169 Wn. App. 436, 493, 290 P.3d 996 (2012). Because these arguments have been thoroughly addressed by White's attorney's briefing, we need not reach them in the context of White's SAG.

Finally, White argues that he was entitled to a hearing as to whether his legal financial obligation (LFO) should be waived or reduced due to his inability to pay. He cites RCW 10.82.090(2)(a) for his contention that the court has the authority to reduce his LFO by waiving the interest that accrued prior to June 7, 2018. RCW 10.82.090(2)(a) provides that "[t]he court may, on motion by the offender, *following the offender's release from total confinement*, reduce or

waive the interest on legal financial obligations levied as a result of a criminal conviction" including "all interest on the portions of the legal financial obligations that are not restitution that accrued prior to June 7, 2018." (emphasis added). Here, White has not been released from confinement so his LFO should not be reduced at this time.

Therefore, none of the arguments in White's SAG merit reversal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

VELJACIC, J.

PRICE, J.